[Department Two.—February 23, 1883.]

# A. W. ROYSDON, RESPONDENT v. WILLIAM B. CARR, APPELLANT.

PLEADING — COMPLAINT—DEMURRER.—The complaint contained four counts. The first count alleged in substance that on the 10th of February, 1878, the defendant, in consideration that the plaintiff would within a reasonable time thereafter, procure and deliver to him certain letters and correspondence between one George M. Pinney, J. C. Corey, Joseph A. Crawford, and W. H. Culver, promised and agreed to pay the plaintiff the sum of five thousand dollars, that the plaintiff did accordingly procure and deliver to the defendant the said letters and correspondence, and that the defendant, though often requested, had not paid to the plaintiff the said sum of five thousand dollars or any part thereof. The defendant demurred to this count for ambiguity and uncertainty, specifying as the particular grounds of demurrer, that it did not state the nature, subject-matter, or substance of the letters or correspondence, or the number or dates of the letters, or by or to whom they were written. The court overruled the demurrer. *Held*, that it was properly overruled.

PRACTICE — WITHDRAWAL OF COUNTS—EVIDENCE.—Where a complaint contains several counts, and the case goes to trial, and after the evidence is in, the plaintiff elects to proceed upon one of the counts, and withdraws the others, the withdrawal carries with it the evidence admitted under the counts withdrawn.

CONTRACT — VALIDITY — PUBLIC POLICY.—Where an attorney at law, in the course of his professional employment, receives letters and papers from a client, and agrees, with the consent of the client, to deliver the same to a third person, the contract is not void as being against public policy.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts, except as to the matters involved in the demurrer, sufficiently appear in the opinion of the court.

*Stewart, Vanclief & Herrin,* and *W. W. Foote.* for Appellant.

*D. S. & S. L. Terry,* for Respondent.

PER CURIAM.—The demurrer to the first count of the complaint was properly overruled. As the other three counts were withdrawn from the consideration of court and jury, it is not necessary to express any opinion on the demurrer to them.

It was contended on behalf of appellant that the evidence was insufficient to establish the cause of action set forth in the first count of the complaint—the count on which only the cause was submitted and determined. We have examined the evidence,

and are of opinion that the contention of appellant is well maintained, and that the evidence fails to establish such cause of action.

It is urged, however, by respondent, that inasmuch as the evidence did establish a contract between the parties, which evidence went to the jury, without objection by appellant (defendant below), and as such evidence showed a right on the part of respondent to recover as much as the jury gave him by its verdict, that this court ought not to reverse. But it is set forth in the statement on motion for a new trial, following a distinct declaration that this was all the evidence introduced at the trial, that the plaintiff withdrew from the consideration of the court and jury all claims and causes of action alleged in the second, third, and fourth counts of his complaint, and relied at the trial solely upon the cause of action stated in the first count, and that the cause was tried solely upon the issues made upon the first count.

In our judgment, this withdrawal carried with it all evidence which had been put in under the three counts withdrawn, and the defendant was not called on to make any objection to such evidence as not admissible under the first count.

A question is presented on an instruction as to the character of the contract sued on. It is contended by appellant that such contract is opposed to public policy and void. We do not think that such a position is sound. Roysdon procured the letters from Pinney, his client, and disposed of them with his consent. He was attorney for Pinney only, and as he acted with the consent of the latter violated no obligation which he owed to him. We say so much as to this last point, as the cause goes back for a new trial.

Judgment and order reversed and cause remanded.

Hearing in Bank denied.