No. 13,417.

PRELL *v.* GORMLEY, TRUSTEE.
(38 P. [2d] 775)

Decided November 26, 1934.

Messrs. McMullin, Sternberg & Helman, for plaintiff in error.

Messrs. Tupper, Smith & Holmes, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

The plaintiff in error, Mrs. Mabel Prell, who was defendant below, asks us to reverse a judgment rendered by the district court of Mesa county in favor of the defendant in error, Gormley, as trustee in bankruptcy, on a $10,000 promissory note. For the reasons hereinafter stated, we think she is entitled to such reversal.

The copartnership firm of Winterburn & Lumsden Construction Company was in the contracting business. Winterburn having died, Lumsden continued the operations as surviving partner. He entered into a contract with the defendant whereby she purchased the assets of the firm for $40,000, $30,000 of which was paid in cash while $10,000 was represented by a note. This note is the

basis of the present action, which was brought by Gormley as trustee in bankruptcy, Lumsden having been adjudged a bankrupt.

1. The answer interposed five defenses. The fourth defense consisted of a claim for $400 alleged to have been paid to the partnership by a third person, and used by the firm, but not repaid; which claim had been assigned to the defendant. Before concluding her evidence the defendant withdrew the fourth defense and asked that the jury be instructed to disregard the evidence in regard to it. This was proper. 57 C. J. 525, §194. Compare *Roysdon v. Carr*, 63 Cal. 191. Thereafter, notwithstanding such withdrawal and although the court instructed the jury to disregard the evidence thereon, the plaintiff — over the defendant's objection — introduced evidence in opposition to said fourth defense. Instead of ignoring the testimony so eliminated, plaintiff's counsel dealt with it as if it were still a legitimate part of the case and undertook to adduce Mrs. Lumsden's testimony in contradiction thereof. The ostensible purpose was, as stated by counsel, "to show the credibility of the witness" whose evidence was thus attacked. The defendant duly objected. It is clear that the evidence in support of the fourth defense was taken out of the case by the withdrawal of such defense, and became wholly irrelevant. Any testimony on such irrelevant and immaterial matter was therefore beside the point. The attempted impeachment of a witness on questions that had nothing to do with the case was not proper under any recognized rule of evidence. It was prejudicial error.

2. The error just discussed was virtually repeated and aggravated in the closing argument for the plaintiff, wherein the aforesaid improper testimony of Mrs. Lumsden in affirmative contradiction of the eliminated evidence was expressly commented upon as impeaching the entire testimony of two witnesses so assailed. This was likewise prejudicial error.

3. Since the case must go back for another trial, other assignments of error need not be noticed.

Because of the prejudicial error in introducing and arguing the so-called impeachment evidence above discussed, the judgment must be reversed and the case remanded for a new trial.

Judgment reversed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.