[Crim. No. 4357.   Second Dist., Div. One.   Dec. 28, 1949.]

THE PEOPLE, Respondent, v. RICHARD WALTER
CARMODY et al., Appellants.

Morris Lavine for Appellants.

Fred N. Howser, Attorney General, and Stanford D. Her-
lick, Deputy Attorney General, for Respondent.

DORAN, J.—The defendants Carmody and Juber were
charged with the crime of robbery while armed with a deadly
weapon; each pleaded "Not Guilty" and denied being armed
as alleged.   In a trial by jury the defendants were found
guilty of robbery in the first degree, and each was found to
have been armed with a deadly weapon.   On September 17,
1948, Judge Frank C. Collier, the trial judge, having died,
probation was denied by Judge Paul Nourse, as to each de-
fendant on the ground that the trial court had no discretion
in the matter since the probation reports indicated that the
men were armed with deadly weapons.   On the same day both
defendants were sentenced to the state prison for the term
prescribed by law.

Thereafter, on October 26, 1948, defendants filed a motion
to set aside the judgment; a second such motion was filed on
December 13, 1948; on December 15, 1948 this motion, treated
as a petition for a writ of error *coram nobis*, was denied.
On the defendant Carmody's appeal from such order,

it is contended that the trial court erred in denying the petition for writ of error *coram nobis*; that in denying probation the trial court acted under a mistake of fact as well as of law, which mistake may be corrected by a writ of error *coram nobis*.

In a "Memorandum Opinion and Order," the trial court stated that probation was denied "under the belief that I had no discretion in the matter . . . induced by the statement to that effect in the probation reports before me, and statement therein which indicated that these men were armed, one with an automatic pistol and one with a revolver. From these reports I assume that the evidence must have shown that these guns were loaded and therefore were deadly weapons. . . . After these men were sentenced and when their time to move for a new trial or to appeal had expired, and they had been detained under the sentences that I pronounced, the case of *People* v. *Morris Carmody* came before me for trial. . . . charged with being a party to the same robbery."

At that trial it was brought to the court's attention for the first time " (1) That the automatic pistol carried by defendant Juber was not loaded and that he had in the presence of one of the victims pulled the trigger several times to demonstrate that the pistol was not loaded. (The District Attorney now states that the evidence . . . showed said automatic to be a toy pistol.) 2. That the only evidence that the revolver carried by defendant Richard Carmody was loaded was the testimony of one of the victims, Mrs. Macchia, . . . that she noticed the cylinder on the revolver and by the light coming through the doorway thought she saw bullets in the cylinder. This witness is of a very excitable nature. Her testimony as to seeing bullets was uncertain and was not at all convincing to me. . . . That at the time Morris Carmody was arrested the revolver in question was found wrapped in cloth under the front seat of his car and was unloaded, and no cartridges were found in his possession. (This arrest took place about two months after the robbery in question.) "

The trial court's memorandum denying the petition for writ of error *coram nobis*, then calls attention to the fact that "The record of each of these defendants is such as to indicate that they are proper subjects for probation." It is also mentioned that although the error in question could not have been raised upon motion for new trial since the time had expired, nor corrected by motion to vacate the judgment and resentence since the judgment was valid on its face and the

defendants were immediately detained under it; "My error, however, could have been raised upon an appeal from the judgment . . . (since) I indicated clearly that I was not passing upon the merits of the application for probation but was denying probation because of lack of discretion on my part to grant it." There was no such appeal.

The appellant maintains that "whenever a trial judge acts upon a mistake of fact he may, upon a Writ of Error Coram Nobis, vacate his previous judgment and grant a new trial." *In re Rothrock*, 14 Cal.2d 34 [92 P.2d 634], is cited as authority for such procedure, which case however, as respondent points out, merely decides that where an appellate court, acting through a mistake of fact had remitted a cause to the court below, the remittitur could be recalled and corrected on the theory that the order was a nullity. No case cited in appellant's brief bears factual resemblance to the present situation.

Respondent's brief cites *People* v. *McAllister*, 15 Cal.2d 519 [102 P.2d 1072], holding that "If the sentence has been entered in the minutes of the court, or if the defendant has begun serving said sentence or has been restrained by the sentence imposed, then the court is without jurisdiction to vacate, add to, or in any manner modify the sentence originally pronounced." As hereinbefore noted, this was the situation in the instant controversy. Respondent also points out that "One of the issues before the jury was whether the defendants were armed with a deadly weapon. The jury made a specific finding that they were so armed. This being an adjudicated fact from which no appeal had been taken within the time prescribed by Rule 31 of Rules on Appeal, it is conclusive. The finding removed the matter of probation from the court's discretion. (Penal Code, Sec. 1203.)"

*People* v. *Raner*, 86 Cal.App.2d 107 [194 P.2d 37], is also cited by appellant. In that case, however, the appeal was from the judgment and no matter of a writ of error *coram nobis* was involved. In the Raner case, also, it was conceded that defendants were armed with an unloaded gun, a "dangerous" weapon making the crime first degree robbery under section 211 of the Penal Code, but not a "deadly" weapon preventing probation under section 1203 of the Penal Code. The trial court's erroneous conclusion that it was powerless to grant probation, was held ground for reversal with directions to hear and determine the applications for probation. In the instant case, and differing from the Raner case, there was

testimony from the mouth of the victim, that the appellant's gun was loaded, supporting the jury's finding to that effect.

Respondent's brief calls attention to the case of *People* v. *Mooney,* 178 Cal. 525, 529 [174 P. 325], *People* v. *Reid,* 195 Cal. 249, 254 [232 P. 457, 36 A.L.R. 1435], holding that *coram nobis* will not issue in any case where the remedy by way of motion for a new trial, or by appeal, could have been invoked. As mentioned in the trial court's memorandum, the appellant herein could have taken an appeal from the judgment, but did not do so.

Under the circumstances disclosed by the record, and the limited scope of the remedy afforded by writ of error *coram nobis* as set forth in the cases cited, it does not appear that appellant was entitled to relief thereunder.

The order is affirmed.

Drapeau, J., concurred.

WHITE, P. J.—I concur in the judgment solely on the ground that at the trial, one of the issues submitted to the jury was whether defendants were armed with a deadly weapon. That the jury, upon uncontradicted evidence made a specific finding that they were so armed. That no appeal was taken therefrom within the prescribed time, and therefore, such finding must be held to be conclusive, and cannot now by writ of *coram nobis* be readjudicated. (*People* v. *Young,* 88 Cal. App.2d 601, 602 [199 P.2d 21].)

Appellant's (Carmody) petition for a hearing by the Supreme Court was denied January 26, 1950. Carter, J., voted for a hearing.