[Crim. No. 759. Fourth Dist. Sept. 13, 1951.]

THE PEOPLE, Respondent, v. THOMAS THORNTON, Appellant.

Thomas Thornton, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

GRIFFIN, Acting P. J.—Defendant and appellant Thomas Thornton was jointly charged with Eleanor Thornton and one Harreld in count one of an information with the crime of robbery; in count two with kidnaping; and in counts three and four with the crime of forgery. In count five appellant was charged with burglary and in count six with possession of a dangerous weapon, in violation of the Dangerous Weapons Control Act, as amended (Stats. 1947, chap. 1281, p. 2792; 1 Deering's Gen. Laws, Act 1970.) In count seven he was charged with a prior conviction of a felony, to wit, robbery

in Iowa; and in count eight with a prior conviction of a felony in Wyoming; and that he served time in states' prisons for such crimes.

Appellant, while represented by counsel, pleaded guilty to counts one, three, four, five, and six, and admitted the two prior convictions of robbery as charged in counts seven and eight. Thereafter, the court ordered that appellant be sentenced to state's prison and found that appellant was one coming under the provisions of section 644(a) of the Penal Code and adjudged him an habitual criminal to be punished by imprisonment for life.

Appellant, in propria persona, appealed from this judgment. The only questions attempted to be presented on this appeal are the actions of the trial court in its reception of evidence fixing the degree of the crime of robbery as charged and pertaining to the question whether the defendant was at the time armed with a deadly weapon, to wit, a 25-caliber automatic pistol. It was stipulated that the court might consider the testimony of Mr. Samuels, the victim, concerning the degree of robbery, as appeared from his testimony taken at the preliminary examination. Quotations from this record appear in the reporter's transcript and show that the appellant knocked at the door of the complaining witness's home about 3 o'clock in the morning and came in; that appellant "had a gun in his hand" and he "pushed it in my ribs," took the complaining witness's money from the pocket of his near-by pants while the other defendant twisted his arm around his neck, and choked him; that appellant hit the complaining witness over the head with his gun and told him to dress and take the defendants in his automobile. It was after considering this evidence that Eleanor Thornton was called as a witness for the prosecution. She stated her true name was Eleanor Kelly; that she rode to Samuel's house trailer with appellant in a cab, and that appellant had a 25-caliber automatic pistol in his possession at the time. This answer, pertaining to the gun, was stricken for the purpose of objection, which counsel stated was made "under sec. 1322 of the Penal Code" on the ground that "this testimony is inadmissible" as against appellant by "reason of the fact that the marriage of this witness to the defendant Thornton . . ." The court then allowed evidence on the question of the claimed marriage. The witness testified that she married one Kelly on December 15th, 1949, in Nevada and the recorded marriage

certificate was received in evidence. She then testified she had never secured an annulment of that marriage nor a divorce from Kelly and had never received any notice that Kelly had secured one; that they separated in July or August, 1950, and at that time Kelly was in jail in Sacramento and was still there.

Appellant testified that the witness was his wife but no further details as to the method by which she became his wife were related. However, reference is made to some affidavit previously presented, on some motion which appellant claims supported his contention that he was married to the witness. This affidavit is not before us. From the evidence produced the court found that the witness was not appellant's legal wife and allowed her to testify that appellant had such a loaded gun, as described, at the time, and used it in the perpetration of the robbery. Thereafter, appellant testified that he did ride out with the witness in a cab but did not have such a gun with him on that occasion, although he did own such a gun and did have a box of shells with him in the cab. The court fixed the degree as robbery of the first degree.

■ Under the evidence before us the trial court was justified in finding that there was no legal marriage of the witness and appellant at that time. (*People* v. *Glab*, 13 Cal.App. 2d 528 [57 P.2d 588]; *Estate of Smith*, 33 Cal.2d 279 [201 P.2d 539]; *People* v. *Langtree*, 64 Cal. 256, 259 [30 P. 813]; *People* v. *Singh*, 182 Cal. 457, 483-484 [188 P. 987].)

■ However, disregarding her testimony, there was sufficient showing made that defendant was armed with a deadly weapon at the time of the commission of the offense, and no prejudicial error resulted. (Pen. Code, § 211a; *People* v. *Carmody*, 95 Cal.App.2d 368, 371 [212 P.2d 627].)

The last argument is that the court erred in declaring appellant to be an habitual criminal under section 644(a) of the Penal Code. This contention is set forth in the general assignment that the prior convictions and the fact that appellant was an habitual criminal were neither correctly pleaded nor sufficiently proved.

■ Appellant admitted the previous convictions of robbery, felonies enumerated in section 644(a) of the Penal Code, and admitted that he served separate sentences in state penitentiaries for such crimes as charged. No further proof was necessary. (*People* v. *Birdsell*, 21 Cal.App.2d 682, 688 [70

P.2d 231] ; *In re McVickers,* 29 Cal.2d 264 [176 P.2d 40] ;
*People* v. *Houston,* 88 Cal.App.2d 11, 15 [198 P.2d 53].)

Section 644(a), Penal Code, does not create a sub-stantive offense, such as habitual criminality. It provides for a more severe punishment and merely involves a determination of certain facts which operate to prolong the prisoner's confinement and limit his right to parole. (*In re McVickers, supra.*)

Judgment affirmed.

Mussell, J., concurred.