No. 16,872.

HEINZE *v.* THE PEOPLE.
(253 P. [2d] 596)

Decided February 2, 1953.

Mr. FANCHER SARCHET, Mr. JOHN J. TOBIN, Mr. RALPH B. HARDEN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

UPON trial, on a one-count information, charging defendant with driving an automobile on a public highway while under the influence of intoxicating liquor on November 30, 1951, and further, that he had been heretofore convicted on August 29, 1947, for the same kind of offense, defendant was found guilty, sentenced to serve a term of one year in the county jail of Weld county, and pay a fine of four hundred dollars.

The substance of the errors assigned is that the substantive charge should have been stated in one count and the alleged prior conviction in a separate count; that defendant's motion to dismiss should have been granted; insufficient evidence to sustain the verdict; that defendant should not have been questioned under cross-examination concerning prior convictions; the trial court's refusal to give tendered instructions; and the giving of improper instructions.

After defendant had entered a plea of not guilty, on December 11, 1951, his counsel filed a motion to quash the information on the ground that two separate offenses were intermingled in the one count in the information; further, that the statute of limitations of the state of Colorado had run against the charging of the said alleged misdemeanor on August 29, 1947. This motion was denied and trial proceeded. At the conclusion of the People's evidence, defendant's counsel moved for dismissal of the cause for the reason that there was not sufficient evidence upon which to base a conviction. This motion also was denied.

The facts on which the issue of whether or not defendant was under the influence of intoxicating liquor to the extent that his ability to drive a car was impaired are, briefly, as follows:

At about 11:45 o'clock on the night of November 29, 1951, defendant came out of a tavern in Garden City near Greeley, where he said he had gone in search of farm help, and while there had consumed "two beers." He got into his automobile and in backing it off the premises, backed it out into the line of traffic on the highway and was struck by a passing automobile. Some little damage was done to the two cars and the driver of the other automobile and defendant went into the tavern, called the courtesy patrol, and while waiting, discussed the matter of the accident. Defendant was admittedly cooperative in every way. On arrival of the courtesy patrolman, and after a short investigation of

the accident and the damage, defendant was given a ticket or summons to appear before the justice of the peace on the following day to answer the charge of taking the right of way. There is a notation on the summons "had been drinking." The officers testified that defendant was not intoxicated; that his driving was not impaired, because they followed him for quite a distance as he drove toward his home at Eaton, Colorado; that he drove his car properly and without difficulty. Several miles away, and some twenty or thirty minutes after defendant left Greeley, he was stopped by another courtesy patrolman in Eaton, who put him under arrest and took him to the county jail where a physician was called to examine him; after the examination was concluded, about two o'clock in the morning, defendant was confined in jail until after noon of the next day. The information was filed in the county court.

■ This opinion will not be encumbered with a detailed discussion of the evidence, from a study of which it might be said that as to the question of whether defendant's ability to drive an automobile was impaired, it is a border-line case. Ordinarily when this question was resolved against defendant by the jury, its verdict, as the trier of the facts, should stand; however, where errors occurred in the trial, we cannot always safely say that such errors were without prejudice. If apparent errors are sufficient to result in an unfair trial, it is our duty to observe such errors regardless of the failure of counsel to make and preserve a proper record in the case.

■■ It at once appears that the one-count information charged two separate and distinct offenses, which, while similar in nature, are remote in point of time. The attack on the information was made after a plea of not guilty had been entered, and was in the form of a motion to quash. Generally, such a motion must precede a plea of not guilty, because the not-guilty plea waives all precedent irregularities; therefore no error attached

to the denial of the motion to quash as here filed; however, when this matter of improper joinder of offenses was squarely before the trial court, not only from the face of the information, but by virtue of the untimely motion to quash, it was the duty of the court to order that the matter of the former conviction be stated in a separate count.

The Colorado statute under which this conviction was obtained is section 187, chapter 16, '35 C.S.A., as amended by the Session Laws of 1939, being S.L. '39, chapter 75, page 229, section 4, and reads as follows:

"Any person under the influence of intoxicating liquor or narcotic drugs, or who is a habitual user of narcotic drugs and who shall drive any vehicle upon any highway within this state, shall be guilty of a misdemeanor, and punished by imprisonment in the county jail for not less than ten days nor more than one year, or by a fine of not less than twenty-five dollars ($25.00) nor more than one thousand dollars ($1,000.00), or both such fine and imprisonment, if and when found guilty by a court of competent jurisdiction or by a jury.

"On a second or subsequent conviction he shall be punished by imprisonment for not less than ninety days nor more than one year, and, in the discretion of the court, a fine of not more than one thousand dollars ($1,000.00)."

The above statute is silent as to any method of pleading and proving the fact of former conviction. The prosecution as attempted here is a hybrid species of prosecutions laid under the old prohibition laws and has some of the elements of our habitual criminal statute. It is one thing to charge a defendant by different counts in an information of having committed more than one offense in related transactions of similar nature, but quite another situation is presented where the information in one count charges the defendant not only of the substantive offense to be proven, but in addition thereto,

charges that the defendant has been convicted of a prior offense.

■■ The matter of conviction of the second, third or more, similar offenses is something to be established in connection with any penalty to be imposed after the conviction of the substantive offense on trial. The use of the proof of convictions of second or more offenses cannot obtain until guilt of the substantive offense on trial is established.

■ In this case the first witness called by the prosecution was the Clerk of the county court, who produced the files relating to the former conviction set out in the information. By this means the former conviction was established before any proof was offered as to the substantive offense then on trial. It requires but little familiarity with criminal procedure to know that a defendant's record cannot first be brought into question by the prosecution in any case. It is only after the defendant has taken the witness stand in his own behalf that his credibility can thus be attacked, or where the defendant has by some means otherwise opened the door for such procedure. The defendant here testified in his own behalf and seemed to take some delight in testifying about former arrests and the disposition thereof on similar occasions, and explaining his guilty pleas thereto, all apparently for the purpose of trying to show that he was somewhat of a martyr and a victim of persecution by the law-enforcement officers. Of course, by this means he invited cross-examination as to the prior offenses and convictions and his complaint about such cross-examination on that particular ground cannot now be heard. However, this in no sense cures the error of charging the former convictions in the same count as the substantive offense and then being allowed to proceed to immediate proof thereon.

■■ In other jurisdictions there is a contrariety of opinion as to the regularity of charging former convictions in the original information; however, there is full

agreement in all jurisdictions where it is permissible, that the former convictions must be in separate counts of the information, and then it appears to be the accepted practice that when arraignment is had, the defendant be fully advised of these counts in the information, but such counts are withheld from the jury until disposition has been made of the substantive count, and then, if the defendant does not admit his identity and guilt as to the former convictions, proof may be offered to the same jury if a guilty verdict has been returned on the substantive count. Such seems to be the procedure in this jurisdiction, and the question of the validity and regularity of such procedure is not here raised, and therefore not determined.

It is not necessary to discuss other errors assigned since the judgment must be reversed on the grounds herein discussed.

The judgment is reversed and the cause remanded with directions to the trial court to set aside the verdict of the jury and order a new trial in conformity with the procedure, as herein indicated.

MR. JUSTICE ALTER and MR. JUSTICE CLARK dissent.

MR. JUSTICE KNAUSS and MR. JUSTICE BRADFIELD not participating.