356 P.2d 27

**STATE of Arizona, Appellee,**

v.

**James HOLMAN, Appellant.**

No. 1154.

Supreme Court of Arizona.

Oct. 19, 1960.

Stephen W. Connors, Phoenix, for appellant.

Wade Church, Atty. Gen., Charles C. Stidham, County Atty. of Maricopa County, Phoenix, Donald D. Meyers, Deputy County Atty., of Maricopa County, Phoenix, for the State.

STRUCKMEYER, Chief Justice.

James Holman was convicted of the crime of robbery, a felony, with prior conviction, and sentenced to serve not less than 15 nor more than 20 years in the State Prison.

From the facts material to this appeal, it appears that on October 24, 1958, defendant was charged by information with the crime of robbery, to which he entered a plea of not guilty. On January 22, 1959, an amended information was filed, charging defendant with the same crime. The amended information included an allegation of prior conviction and a second page containing a detailed statement of a prior conviction for attempted burglary. At his arraignment four days later on the amended information, defendant, being present with counsel, waived the reading of the amended information, entered a plea of not guilty

and denied the prior conviction. At this second arraignment, defendant was granted a continuance to enable him to prepare a defense to the allegation of prior conviction.

At his trial on March 23, 1959, after the jury had been impaneled, the Clerk of the Court read the first page of the amended information. The second page, alleging the prior conviction, was not read to the jury, although the first page stated that the defendant was charged with "the crime of robbery, a felony, with allegation of prior conviction."

Defendant moved for a mistrial as the clerk finished reading the first page on the ground that the reference to the prior conviction was highly prejudicial to defendant's cause. After some argument, it appearing that defendant and his counsel had not received a copy of the second page of the amended information, the motion was enlarged to include the failure to furnish a copy of the statement of prior conviction. The motion for mistrial was denied and thereupon defendant changed his plea so as to admit the prior conviction.

Defendant specifies as error failure to grant this motion for a mistrial and the action of the court in later permitting extensive cross-examination of the defendant concerning his past criminal record or prior offenses unrelated in time, place or character to the offense charged.

Defense counsel insisted at the beginning of the trial and, now on appeal, continues to insist that the defense was never served with the second page of the amended information. The copy on file with the court, however, contained both pages, the first page of which, as pointed out, contained a reference to the prior conviction. A continuance was granted to defendant for the sole purpose of preparing a defense to the amended information. No move was made prior to trial to quash the information or to request a bill of particulars in order to obtain more data concerning the alleged prior conviction. Even if we assume that a copy of the second page of the amended information was not given to defendant, it is clear that both he and his attorney were informed that the charge was robbery, with an allegation of prior conviction. Since it was incumbent on the State to establish the prior conviction at the trial, no possible prejudice could result from the jury being advised thereof. That defendant subsequently changed his plea to the prior conviction after the first page of the information was read to the jury did not create error where there was none before.

Defendant argues that the prior conviction was not set forth in sufficient detail to comply with Rule 134, Rules of Criminal Procedure, 17 A.R.S., providing:

"A. No indictment or information shall contain an allegation of a prior

conviction of the defendant unless such allegation is necessary to charge the offense under Rule 115 or to enable the court to fix the punishment for an offense. The date of judgment upon each conviction shall be stated and not more than two prior convictions shall be charged in any one indictment or information.

"B. In an indictment or information charging a previous conviction of the defendant, *it is sufficient* to state: 'That the defendant, before the commission of the offense charged in this indictment or information, was in (giving the title of the court in which the conviction was had) convicted of (stating the offense).' " (Emphasis added.)

The second page of the amended information in this case read:

"The County Attorney of Maricopa County, by Don Meyers, his deputy, states that James Holman defendant herein, suffered a prior conviction of attempted Burglary, and was sentenced on the 26th day of April, 1949, in Malheur County, Oregon thereby rendering the said defendant, if convicted of charges alleged in the information on file herein, subject to the penal provisions of Section 13–1649, ARS 1956."

■ Although Rule 134 specifies that the date of judgment of each conviction must be stated, manifestly the purpose in alleging a prior conviction is to bring the case within A.R.S. § 13–1649, which authorizes increased sentences for subsequent convictions. In the instant case the failure to state the precise date of judgment could not have affected the trial because the charge of a prior conviction was never presented to the jury for its determination as a fact. The error was merely a technical irregularity well within the meaning of Article 6, Section 22, Constitution of Arizona, A.R.S., providing:

" * * * No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done."

For the same reason defendant's argument that the information did not charge the title of the court in which the conviction was had is without merit. Moreover, we observe that Rule 134, subd. B merely provides what form will be sufficient. It makes no attempt to exclude all other forms.

■ Later in the course of the trial defendant took the witness stand in his own behalf and denied any connection with the robbery. On cross-examination, he was asked if he had been convicted of felonies in 1942, 1945 and 1952. He moved for a mistrial on the ground that this line of questioning was prejudicial error. Defendant now asserts that the cross-exami-

nation was erroneous because he had not put his character in issue by introducing evidence of good character.

Appellant argues that past acts of misconduct are inadmissible. There is no doubt that this is the law *where there has been no conviction of a crime.* State v. McDaniel, 80 Ariz. 381, 298 P.2d 798; State v. Thomas, 71 Ariz. 423, 229 P.2d 246; State v. Singleton, 66 Ariz. 49, 64, 182 P.2d 920, 927. However, the rule is quite the contrary where the accused has taken the stand in his own behalf and is cross-examined on prior *convictions.* This distinction is clearly recognized and set forth in State v. Harris, 73 Ariz. 138, 142, 238 P.2d 957, 959:

> "The majority of courts will allow on the cross-examination of the witness, specific acts of misconduct not sustained by a conviction to be shown which affect veracity. 3 Wigmore Evidence 550 § 983 (3d ed. 1940). But this court has allied Arizona with the minority of states by holding that on cross-examination specific acts of misconduct cannot be shown unless the witness has been convicted of that crime. In other words a mere accusation of a felonious crime is not admissible unless there has been a conviction."

The rule in this jurisdiction permitting the use of prior felony convictions on cross-examination is too well settled to permit question. It was recently reiterated by this court in State v. Sorrell, 85 Ariz. 173, 177, 333 P.2d 1081, 1083:

> "The general rule is that the state may inquire of the defendant when he is a witness if he was previously convicted of a felony. If the answer is in the affirmative he may be asked the number of such convictions, the names and nature of the crimes, and the places where they were committed."

The general rule has been acknowledged and adhered to through many decisions by this court. State v. Stago, 82 Ariz. 285, 312 P.2d 160; State v. Polan, 78 Ariz. 253, 278 P.2d 432; Hadley v. State, 25 Ariz. 23, 212 P. 458; West v. State, 24 Ariz. 237, 208 P. 412. Furthermore, it is without a doubt the majority rule in this country. 3 Wigmore Evidence 538, § 980 (3d ed. 1940). The trial court did not err in permitting cross-examination of appellant on the prior convictions for the purpose of affecting his credibility as a witness.

The judgment of conviction is affirmed.

PHELPS, BERNSTEIN, UDALL and LESHER, JJ., concur.