383 P.2d 326

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Douglas C. JOHNSON, Defendant-Appellant.**

**No. 9186.**

Supreme Court of Idaho.

June 25, 1963.

Ralph H. Jones, Jr., of Jones, Pomeroy & Jones, Pocatello, for appellant.

Allan G. Shepard, Atty. Gen., R. LaVar Marsh, Asst. Atty. Gen., Boise, and Hugh C. Maguire, Jr., Pros. Atty., Bannock County, for respondent.

McQUADE, Justice.

On October 17, 1961, Douglas C. Johnson, appellant herein, was arrested at Pocatello, Idaho. On the following day a criminal complaint was made, charging appellant with the commission of a felony. The complaint, as amended on November 22, 1961, charged appellant with the crime of forgery and further charged that appellant was a persistent violator of the law. Fol-

lowing a preliminary hearing, an informa-
tion was filed in the District Court in
'Bannock County, Idaho, charging appellant
as follows:

"* * * DOUGLAS C. JOHNSON is accured by this information of the crime of FORGERY AND BEING A PERSISTENT VIOLATOR which said crime was committed as follows, to-wit: That the said Douglas C. Johnson on or about the 17th day of October, 1961, and before the filing of this information at Pocatello in the County of Bannock, State of Idaho, then and there being, did then and there wilfully and unlawfully, intentionally, feloniously, and with intent to defraud Food King Store, owned and operated by Food King, Inc. an Idaho corporation, Pocatello, Idaho, did attempt to pass and utter as true and genuine to said Food King Store, Pocatello, Idaho, a false and forged check for the payment of money in the sum of Twenty Dollars ($20.00) said check purporting to be the true and genuine check of one Rose Worsencroft, and being in the following words and figures:

| TEBE WORSENCROFT | No. 9 |
| --- | --- |
| ROSE WORSENCROFT | |
| Box 549 | Pocatello, Idaho, Oct. 17, 1961 |
| PAY TO THE ORDER OF ____ D. C. Johnson | $20.00 |
| -----------------------Dollars----------------------------Cents | |
| IDAHO BANK AND TRUST CO. | |
| Pocatello, Idaho | Rose Worsencroft |

whereas in truth and in fact the name of Rose Worsencroft was false and forged and said check was false and forged as the said defendant then and there well knew. That further the said Douglas C. Johnson under the name of Douglas C. Johnson is a persistent violator of the law in that he, the said defendant, was convicted of Forgery, a felony, in Pocatello, Idaho, in September, 1938, and sentenced to the Idaho State Penitentiary; that he, Douglas C. Johnson, under the name of Douglas Johnson, in January, 1947, in Salt Lake City, Utah, was convicted of the crime of robbery, a felony, and was sentenced to the Utah State Penitentiary; that further he, the said defendant, under the name of Douglas Cecil Johnson, in September, 1955, was convicted of the crime of Interstate Transportation of a motor vehicle in the United States District Court, Pocatello, Idaho, and was sentenced to a Federal Penitentiary in McNeil Island, Washington. That further, the said defendant, under the name of Douglas C. Johnson, on the 24th day of January, 1958, out of the Superior Court of the State of Washintgon, County of Pierce, was convicted of the crime of Unlawfully Taking an Automobile Without the Owner's Permission and was sentenced to the Washington State Penitentiary for an indeterminate term of not more than ten years. * * *."

On January 3, 1962, appellant filed a demurrer to the information, upon the grounds (1) that more than one offense is charged in said information; (2) that the facts stated do not constitute a public offense under the laws of the State of Idaho; and (3) that the facts alleged concerning the charge of being a persistent violator do not state facts which constitute a public offense. On that same day appellant also filed a motion to quash the information upon the following grounds:

"1. That the defendant, Douglas C. Johnson, has not at the time of the filing of said information been convicted of the forgery upon which the persistent violator charge has been predicated.

"2. That said information as filed is prejudicial to defendant's rights guaranteed to him under the Fifth and Fourteenth Amendments of the Constitution and Bill of Rights of the United States of America and the like constitutional rights guaranteed to him by the Constitution of the State of Idaho, and his rights guaranteed to him of a fair and impartial trial."

Following oral argument on the said motions, the trial court entered an order denying the same.

On January 22, 1962, the Bannock County Prosecuting Attorney filed a motion to strike from the information the following:

"* * * the said Douglas C. Johnson is a persistent violator of the law in that he was convicted of Forgery, a felony, in Pocatello, Idaho in September, 1938, and sentenced to the Idaho State Penitentiary * * *."

The trial court entered an order striking the following words from the information:

"the said defendant, was convicted of Forgery, a felony, in Pocatello, Idaho, in September, 1938, and sentenced to the Idaho State Penitentiary; that he,"

After the above quoted words were stricken from the information appellant renewed his demurrer to the information and the motion to quash the same upon all grounds stated in the original motions. The trial court denied the motions. Johnson was not rearraigned on the amended information, nor did he enter a plea thereto.

The matter came on for trial on February 20, 1962. Following selection of the jury appellant entered an objection to the information upon the ground that the order of the trial court striking certain words from the information did not conform to the motion made by the prosecuting attorney. Appellant further objected to having the information read to the jury upon the ground that if the jury was informed of his previous convictions, as set forth in the information, such information would be prejudicial to appellant and have the effect of denying him his constitutional right to

a fair trial. These objections were overruled.

At the trial, witnesses testified that appellant entered a grocery store in Pocatello, Idaho, on October 17, 1961, and, after making some purchases, offered to pay for the same with a check in the amount of $20.00 bearing the name of "Rose Worsencroft" as payor. It was established that appellant informed an employee at the store that the check was executed by Mrs. Worsencroft and was given to him in payment for services performed by him for Mrs. Worsencroft. The appellant did not endorse the check, nor was it ever cashed. Mrs. Worsencroft stated that she had not executed the check, that she did not authorize anyone to execute such a check, and that she did not know the person to whom it was made payable.

The prosecution then sought to prove that appellant had been previously convicted of felonies in other jurisdictions by offering for admission into evidence copies of court records from state courts in Utah and Washington and from the Federal District Court in Idaho. Appellant objected to the admission of such records upon the grounds that the information improperly charged appellant with being a persistent violator of the law because the same was charged in the information as a crime, and because the said records were not properly authenticated. These objections were over-ruled by the trial court and the records were admitted.

At the conclusion of the evidence the case was submitted to the jury which returned a verdict finding appellant guilty of forgery and a persistent violator of the law.

Thereafter appellant filed a motion for a new trial, contending that the action was prematurely tried in that no plea was made by appellant to the amended information upon which he was tried. Appellant also filed a motion to arrest judgment upon the following grounds:

"1. That more than one offense is charged in said information;

"2. That the information does not charge a public offense under the laws of the State of Idaho; and

"3. That the charge of being a persistent violator does not constitute a public offense under the laws of the State of Idaho."

Said motions were denied, and the trial court entered a judgment of conviction in accordance with the verdict of the jury and ordered appellant to be imprisoned in the Idaho State Penitentiary for an indeterminate term, not to exceed twenty years. This appeal is taken from the judgment and order of the trial court.

Appellant complains that the information is defective in that it charges.

him with more than one offense. In the alternative, appellant contends that the information fails to charge him with the commission of an offense and it is therefore defective. More specifically, it is appellant's contention that the wording of the information charging appellant with the crime of "FORGERY AND BEING A PERSISTENT VIOLATOR" either charges appellant with the commission of two crimes, (1) forgery (2) being a persistent violator, or that it fails to specify a crime because "there is no such crime as 'forgery and being a persistent violator' ". We cannot agree with either construction contended for by appellant.

I.C. § 19–2514 provides as follows:

"Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to imprisonment in the state penitentiary for not less than five years and said imprisonment may extend to life."

The persistent violator law does not create or define a new or independent crime. Rather, it renders a person convicted liable to punishment in excess of that which might have been inflicted upon him had he not been twice previously convicted. In re

Bates, 63 Idaho 748, 125 P.2d 1017. See also, State v. Owen, 73 Idaho 394, 253 P.2d 203; Little v. Gladden, 202 Or. 16, 273 P.2d 443; State v. Messmore, 175 Kan. 354, 264 P.2d 911; People v. Thornton, 106 Cal.App. 2d 514, 235 P.2d 227; State v. Domanski, 9 Wash.2d 519, 115 P.2d 729. Accordingly, the information charged appellant only with the crime of forgery.

Appellant contends that the trial court should have granted the motion to strike made by respondent and had the court done so, it would have ordered stricken from the information the charge that appellant was a persistent violator of the law. I.C. § 19–1420 is concerned with amendments of indictments and informations, and provides as follows:

"An indictment or information may be amended by the prosecuting attorney without leave of the court, at any time before the defendant pleads, and at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant."

The amendment here in question was ordered after appellant had entered a plea to the information. Therefore, the question of the propriety of the amendment was addressed to the sound discretion of the trial court. We find no abuse of discretion on the part of the trial court by reason of the entry of the order to strike.

Nor were appellant's rights prejudiced by the order, for the remainder of the information clearly charges appellant with forgery and being a persistent violator of the law.

■ Appellant next complains that the trial court erred in not "requiring appellant to enter a plea after the information was amended * * *." The amendment having made no change in the nature of the charge against appellant, it was unnecessary to have appellant again plead thereto. State v. Barr, 63 Idaho 59, 117 P.2d 282.

Appellant urges that the allegations in the information charging him with being a persistent violator of the law, and setting forth appellant's previous convictions should not have been read to the jury. In this respect it is contended that informing the jury that appellant had been previously convicted of felonies was highly prejudicial to appellant and had the effect of denying him the right of a fair trial.

This contention raises questions of considerable magnitude. The various jurisdictions, in considering this question, are by no means in accord. While the majority of the courts agree that when the prosecution seeks to charge the accused with being a persistent violator of the law, the previous convictions must be set out in the information specifically, State v. Dunn, 44 Idaho 636, 258 P. 553; State v. Holman, 88 Ariz. 280, 356 P.2d 27; State v. Waterhouse, 209 Or. 424, 307 P.2d 327; Harris v. State,

(Ct.Crim.App.Okl.) 369 P.2d 187; Yates v. State, 245 Ala. 490, 17 So.2d 777; Beeler v. State, 206 Tenn. 160, 332 S.W.2d 203; State v. Zeimer, 10 Utah 2d 45, 347 P.2d 1111, 79 A.L.R.2d 821; State v. Ferrone, 96 Conn. 160, 113 .A. 452; Kennedy v. State, 171 Neb. 160, 105 N.W.2d 710; Commonwealth v. Koczwara, 397 Pa. 575, 155 A.2d 825; Heinze v. People, 127 Colo. 54, 253 P.2d 596; State ex rel. Browning v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; Massey v. United States, 8 Cir., 281 F. 293; People v. Lawrence, 390 Ill. 499, 61 N.E.2d 361; State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130; State v. McClay, 146 Me. 104, 78 A.2d 347; Waxler v. State, 67 Wyo. 396, 224 P.2d 514; People v. Hoerler, (Dist.Ct.App.Cal.) 25 Cal.Rptr. 209, no such uniformity exists among these same courts concerning the question of whether the reading of the entire information to the jury and proving the same during the course of the trial for the substantive crime has the effect of denying the accused his right to a fair trial.

A number of states have held that the accused is not prejudiced by reason of the fact that the allegations of prior convictions are contained in the information and proved to the jury in the trial upon the substantive crime with which the accused is charged. State v. Tucker, 142 W.Va. 830, 98 S.E.2d 740; State v. Holman, 88 Ariz. 280, 356 P. 2d 27; People v. Hoerler, (Dist.Ct.App. Cal.) 25 Cal.Rptr. 209; Higgins v. State,

235 Ark. 153, 357 S.W.2d 499; State v. Waterhouse, 209 Or. 424, 307 P.2d 327; State v. McClay, 146 Me. 104, 78 A.2d 347; State v. Ruble, 77 N.D. 79, 40 N.W.2d 794; People v. Lawrence, 390 Ill. 499, 61 N.E.2d 361. See also Massey v. United States, 8 Cir., 281 F. 293 and cases cited therein.

Other states hold that the rights of the accused to a fair trial are better protected if the jury is not appraised of the fact that the accused is charged with being a habitual criminal until after the jury arrives at a verdict on the principal offense with which the accused is charged. State v. Stewart, 110 Utah 203, 171 P.2d 383; Hill v. Hudspeth, 161 Kan. 376, 168 P.2d 922; Commonwealth v. Koczwara, 397 Pa. 575, 155 A.2d 825; Heinze v. People, 127 Colo. 54, 253 P.2d 596; Harris v. State (Ct.Crim. App.Okl.) 369 P.2d 187; Beeler v. State, 206 Tenn. 160, 332 S.W.2d 203; Shaw v. Utecht, 232 Minn. 82, 43 N.W.2d 781; Shargaa v. State, (Fla.) 102 So.2d 814; State v. Ferrone, 96 Conn. 160, 113 A. 452; State v. Kirkpatrick, 181 Wash. 313, 43 P.2d 44. Still other states hold that where the trial judge has the duty of fixing the sentence of the accused the issue of habitual criminality is for determination by the judge and not the jury. State v. Brewer, (Mo.) 338 S.W.2d 863; State v. Guidry, 169 La. 215, 124 So. 832; Kennedy v. State, 171 Neb. 160, 105 N.W.2d 710.

Those courts which permit proof of prior convictions during the trial upon the prin-ciple offense charged in the information support their decisions with varied reasons. Some hold that under the law of their jurisdictions, the jury fixes the sentence to be imposed upon the accused if he is found guilty. Therefore, those courts hold that the charge of habitual criminality must be proved to the jury. See Yates v. State, 245 Ala. 490, 17 So.2d 777. Other courts have held that their statutes require that the charge of habitual criminality be plead-ed and proved to the jury, State v. Tucker, supra; People v. Hoerler, supra; and still others have held that at common law prior convictions could be pleaded and proved on trial for the substantive crime and that, therefore, any deviation from common law procedure should be brought about by legis-lative process rather than judicial process. Higgins v. State, 235 Ark. 153, 357 S.W.2d 499; State v. Waterhouse, 209 Or. 424, 307 P.2d 327.

In State v. Ferrone, supra, it was held that in the absence of statutory regulation with regard to this matter, the court could, and would, establish a procedure designed to protect the rights of an accused to a fair and impartial trial. Therein, the court outlined the following procedure:

"* * * The information should be divided into two parts. In the first the particular offense with which the accused is charged should be set forth, and this should be upon the first page

of the information and signed by the prosecuting officer. In the second part former convictions should be alleged, and this should be upon the second page of the information, separable from the first page and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every respect as if there were no allegations of former convictions, of which no mention should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged should be read to them without reswearing them, and they should be charged to inquire on that issue."

The purpose of the procedure adopted by the court was therein stated as follows:

"In this way the well-recognized rights of an accused person will be protected, and the principles of justice and our long-established laws which have been designed to secure an impartial trial in every criminal cause will be recognized, respected, and obeyed."

In State v. Stewart, 110 Utah 203, 171 P.2d 383, it was held that absent statutory procedure for pleading and proving prior convictions under habitual criminal laws, the court could prescribe a procedure which would "properly expedite the adjudication of such cases, while at the same time to safeguard the substantial rights of accused persons and to prevent an accused person from being advertised to the jury as one who previously perpetrated a similar type of offense. We do so in the absence of legislative direction, and in view of the prejudicial nature of the evidence of prior convictions as such evidence bears on proof of commission of the substantive offense." That Court then adopted the procedure set forth in State v. Ferrone, supra, and stated:

"We are in accord with the procedure outlined in State v. Ferrone, supra, * * *. While safeguarding the rights of the accused, such procedure does not offend any principle of orderly procedure nor tend to delay justice. In fact, it might well expedite justice, for if a defendant is acquitted on the substantive charge, there is no occasion to take time to present evidence of prior convictions. If the jury

renders a verdict of guilty, then the second phase of the trial should be conducted before the same jury unless the defendant waives a jury trial on such matter."

See also Harris v. State, (Ct.Crim.App. Okl.) 369 P.2d 187, wherein the following statements appear:

"It is the opinion of the Court that the procedure in line with the statute of England and as set forth in the Ferrone case, supra, is a fair and just procedure and should have been invoked * * *. Said procedure is hereby adopted and should be followed in all future prosecutions. Any previous decision of this Court contrary hereto is by this decision overruled."

In the following cases, the courts or legislatures have adopted procedures similar to that outlined in State v. Ferrone, supra; State v. Zeimer, 10 Utah 2d 45, 347 P.2d 1111, 79 A.L.R.2d 821; Hill v. Hudspeth, 161 Kan. 376, 168 P.2d 922; Kennedy v. State, 171 Neb. 160, 105 N.W.2d 710; Commonwealth v. Koczwara, 397 Pa. 575, 155 A.2d 825; Heinze v. People, 127 Colo. 54, 253 P.2d 596; Shaw v. Utecht, 232 Minn. 82, 43 N.W.2d 781; Beeler v. State, 206 Tenn. 160, 332 S.W.2d 203; State v. Kirkpatrick, 181 Wash. 313, 43 P.2d 44. The above courts, in adopting such procedure, have recognized the prejudicial effect upon the accused's right to a fair and im-

partial trial that may result if proof of prior convictions were to be allowed during the trial upon the substantive crime. In State ex rel. Edelstein v. Huneke, 140 Wash. 398, 249 P. 784 the following statement appears:

"It seems too plain for argument that to place before a jury the charge in an indictment, and to offer evidence on trial as a part of the state's case that the defendant has previously been convicted of one or more offenses is to run a great risk of creating a prejudice in the minds of the jury that no instruction of the court can wholly erase, and, while appellate courts will presume that the jury has followed the instructions of the court, yet we cannot blind our eyes to the active danger ever lurking in such action."

In Shargaa v. State, supra, it was held:

"Regardless of the views of some other courts our view is that by the enactment of our habitual criminal statute, as well as by our traditional concepts of due process in the administration of the criminal laws, the State should not be permitted merely to charge an accused with the commission of a crime and buttress its current charge with a simultaneous allegation that the accused had previously been convicted of a totally unrelated crime committed years before. It appears to

**62**

us that the product of such a procedure would substantially destroy the historical presumption of innocence which clothes every defendant in a criminal case and in the mind of the average juror would in a measure place upon the accused the burden of showing himself innocent rather than upon the State the responsibility of proving him guilty."

 We find ourselves in accord with the procedure as set forth in State v. Ferrone, supra. Absent legislative direction, this Court not only has the authority, but the duty to adopt procedure designed to safeguard the rights of an accused to a fair and impartial trial. I.C. § 1–212; I.C. § 1–213; and I.C. § 1–1622. We are not unaware of the fact that this Court has previously held that when an accused is charged with being a persistent violator of the law the former convictions must be alleged in the indictment or information and proved at the trial. State v. Scheminisky, 31 Idaho 504, 174 P. 611; State v. Dunn, 44 Idaho 636, 258 P. 553. We nevertheless conclude that no procedure, no matter how time honored it may be, is immune from judicial scrutiny and consequent alteration if such procedure has the effect of denying an accused a fair and impartial trial. Accordingly we hereby adopt the procedure set forth in State v. Ferrone, supra, and quoted herein. Any procedure suggested in prior cases contrary to the procedure hereby adopted shall no longer obtain.

Appellant assigns as error the admission into evidence copies of judicial records of other courts. Appellant contends that these records were not properly authenticated. I.C. § 9–312 concerning the proving of records provides:

"A judicial record of this state, or of the United States, may be proved by the production of the original, or by a copy thereof, certified by the clerk or other person having the legal custody thereof. That of another state or territory may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form."

Upon retrial of this cause the admissibility of the above mentioned judicial records shall be determined pursuant to the requirements of I.C. § 9–312. See also State v. Prince, 64 Idaho 343, 132 P.2d 146.

The judgment of conviction is reversed and the cause is remanded for a new trial. The trial court is directed to permit amendment of the information consonant with this opinion and the defendant be permitted to plead to such amended information.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.