2014 COA 36

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Gib Dale BECKER, Defendant–Appellant.**

**Court of Appeals No. 12CA0784**

Colorado Court of Appeals,
Div. VI.

Announced March 27, 2014

John W. Suthers, Attorney General, Jay C. Fisher, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Jon W. Grevillius, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE HAWTHORNE

¶ 1 Defendant, Gib Dale Becker, appeals the judgment of conviction entered upon jury verdicts finding him guilty of two counts of

child abuse. We reverse and remand for a new trial.

¶ 2 As a matter of first impression, we conclude that a prior child abuse conviction, as specified in section 18–6–401(7)(e), C.R.S. 2013, serves as a sentence enhancer—and not as an element—of the child abuse crimes set forth in sections 18–6–401(1)(a)(7)(b)(I)–(II), C.R.S.2013.

## I. Relevant Facts

¶ 3 The prosecution charged defendant with one count of "CHILD ABUSE—SECOND OR SUBSEQUENT OFFENSE" under section 18–6–401(1)(a), (7)(b)(I), (7)(e) and one count of "CHILD ABUSE—SECOND OR SUBSEQUENT OFFENSE" under sections 18–6–401(1)(a), (7)(b)(II), (7)(e). In addition to listing "SECOND OR SUBSEQUENT OFFENSE" as part of the substantive crimes charged, the charging document stated that defendant had previously been convicted of child abuse.

¶ 4 Before trial, defendant requested that the court exclude any evidence of and reference to his prior child abuse conviction. As part of that request, he also offered to stipulate to "having a prior conviction for child abuse." The court granted his request to exclude evidence concerning the facts underlying his prior child abuse conviction, but rejected his request to exclude reference to his prior conviction. The court reasoned that a prior child abuse conviction, as specified in section 18–6–401(7)(e), is an element of the charged crimes and thus allowed the jury to learn of defendant's prior conviction. The court also accepted defendant's offer to stipulate to his prior child abuse conviction, but ruled that the jury—and not just the court—would learn of the stipulation. The court therefore told the jury of the stipulation and also provided a written copy of it in the jury instructions.

¶ 5 Consistent with the court's ruling permitting the jury to learn of his prior conviction, the court and the prosecutor informed the jury multiple times that defendant had a prior child abuse conviction. The court also read the charging document to the jury multiple times, including the portion listing "SECOND OR SUBSEQUENT OFFENSE"

as part of the substantive crimes' titles, as well as the statement that defendant had previously been convicted of child abuse. The court provided jury instructions, which likewise mentioned over a dozen times either that defendant had a prior child abuse conviction, that a prior child abuse conviction is an element of the charged crimes, or that "SECOND OR SUBSEQUENT OFFENSE" is part of the crimes' titles. The verdict forms correspondingly listed six times "SECOND OR SUBSEQUENT OFFENSE" as part of the charged crimes' titles.

¶ 6 The jury found defendant guilty of the charged crimes, and the trial court entered the judgment of conviction, which stated that defendant was convicted of the following crimes:

"CHILD ABUSE—KNOW/RECK—NO INJURY—2ND/SUBC.R.S. # 18–6–401(1), (7)(b)(I), (7)(e)" and "CHILD ABUSE— NEGLIGENCE—NO INJURY— 2ND/SUBC.R.S. # 18–6–401(1), (7)(b)(II), (7)(e)."

The judgment of conviction did not indicate that a second or subsequent offense was a sentence enhancer of the child abuse crimes.

¶ 7 Defendant appeals.

## II. Prior Child Abuse Conviction

¶ 8 Defendant contends that the trial court reversibly erred by permitting the jury to learn that he had a prior child abuse conviction, including by informing the jury of his stipulation to the prior conviction. He argues that a prior child abuse conviction, as specified in section 18–6–401(7)(e), serves only as a sentence enhancer—and not as an element—of the child abuse crimes set forth in sections 18–6–401(1)(a)(7)(b)(I)-(II). So, according to defendant, the court should not have permitted the jury to hear of his prior conviction before it returned its verdicts on the substantive offenses. *See, e.g., People v. Cross*, 114 P.3d 1, 4 (Colo.App.2004), *rev'd on other grounds*, 127 P.3d 71 (Colo.2006). We agree.

¶ 9 When a prior conviction serves as a sentence enhancer rather than as an element of a substantive crime, the court—not

the jury—decides the prior conviction question. *See People v. Schreiber*, 226 P.3d 1221, 1223 (Colo.App.2009) (trial court erred in permitting prosecution to prove a prior conviction sentence enhancer to the jury rather than to the court; "We further conclude that the court decides [the prior conviction] sentence enhancer. . . .").

¶ 10 Likewise, when a prior conviction serves as a sentence enhancer, and the prior conviction is not otherwise admissible, a court must withhold from the jury evidence and mention of the conviction until the jury has rendered its verdict on the substantive crime. *See Cross*, 114 P.3d at 4 ("Where prior convictions are not part of the substantive offense, evidence of those convictions is withheld from the jury until disposition has been made of the substantive count."); *accord Heinze v. People*, 127 Colo. 54, 59–60, 253 P.2d 596, 599–600 (1953). This requirement helps ensure that a defendant receives a fair trial that is free from unfair prejudice caused by a jury considering the defendant's prior conviction when deciding his or her guilt as to the substantive crime. *See Heinze*, 127 Colo. at 57–60, 253 P.2d at 598–99 (trial court erred by permitting the jury to learn of the defendant's prior convictions when such convictions were only required for establishing the penalty for the substantive offense; the error was reversible because it was "sufficient to result in an unfair trial" because of prejudice to the defendant).

¶ 11 A statutory provision serves as a sentence enhancer rather than an element of a substantive offense if: (1) the provision increases the potential punishment, and (2) a defendant may be convicted of the underlying offense without any proof of that provision. *Schreiber*, 226 P.3d at 1223; *Cross*, 114 P.3d at 4; *see also Armintrout v. People*, 864 P.2d 576, 580 (Colo.1993) (statutory provision that enhances a crime's sentence is not an element of the substantive crime if a defendant may be convicted of the underlying crimes without proof of the sentence enhancing provision).

¶ 12 Here, the charging document, jury instructions, verdict forms, judgment of conviction, and the prosecution's and court's statements to the jury all indicate that defendant was charged with and convicted of two crimes: (1) "knowing or reckless child abuse not resulting in injury—second or subsequent offense" under section 18–6–401(1)(a), (7)(b)(I), (7)(e); and (2) "criminally negligent child abuse not resulting in injury—second or subsequent offense" under section 18–6–401(1)(a), (7)(b)(II), (7)(e). These sections provide as follows:

(1)(a) A person commits child abuse if such person causes an injury to a child's life or health, or permits a child to be unreasonably placed in a situation that poses a threat of injury to the child's life or health, or engages in a continued pattern of conduct that results in malnourishment, lack of proper medical care, cruel punishment, mistreatment, or an accumulation of injuries that ultimately results in the death of a child or serious bodily injury to a child.

. . .

(7)(b) Where no death or injury results, the following shall apply:

(I) An act of child abuse when a person acts knowingly or recklessly is a class 2 misdemeanor; except that, if it is committed under the circumstances described in paragraph (e) of this subsection (7), then it is a class 5 felony.

(II) An act of child abuse when a person acts with criminal negligence is a class 3 misdemeanor; except that, if it is committed under the circumstances described in paragraph (e) of this subsection (7), then it is a class 5 felony.

. . .

(e) A person who has previously been convicted of a violation of this section or of an offense in any other state, the United States, or any territory subject to the jurisdiction of the United States that would constitute child abuse if committed in this state and who commits child abuse as provided in subparagraph (V) or (VI) of paragraph (a) of this subsection (7) or as provided in subparagraph (I) or (II) of paragraph (b) of this subsection (7) commits a class 5 felony if the trier of fact finds that the new offense involved any of the following acts:

[listing in subsections (I)-(V) specific acts].

¶ 13 We conclude, however, that the charged crimes are not substantive crimes under these sections because a prior child abuse conviction specified in section 18–6–401(7)(e) serves only as a sentence enhancer—and not as an element—of the substantive crimes. Rather, the substantive crimes are "knowing or reckless child abuse not resulting in injury" and "criminally negligent child abuse not resulting in injury," §§ 18–6–401(1)(a), (7)(b)(I)-(II). We reach these conclusions for two reasons.

¶ 14 First, a defendant may be convicted of "knowing or reckless child abuse not resulting in injury" and "criminally negligent child abuse not resulting in injury" without any proof of a prior child abuse conviction. *See Schreiber*, 226 P.3d at 1223; *Cross*, 114 P.3d at 4; *see also Armintrout*, 864 P.2d at 580. Second, a prior child abuse conviction increases defendant's potential punishment.[1] *See Schreiber*, 226 P.3d at 1223; *Cross*, 114 P.3d at 4.

¶ 15 Accordingly, the trial court erred by permitting the jury to learn of defendant's prior child abuse conviction before it rendered its verdicts on the underlying substantive crimes. *See Cross*, 114 P.3d at 4 ("Where prior convictions are not part of the substantive offense, evidence of those convictions is withheld from the jury until disposition has been made of the substantive count."); *accord Heinze*, 127 Colo. at 59–60, 253 P.2d at 599–600.

■ ¶ 16 Nor can we conclude that the error was harmless. Knowing that defendant had previously been convicted of child abuse while the jury was deciding whether to convict defendant of the child abuse charges before it created an undue risk that the prior conviction could unfairly influence the jury's assessment of defendant's guilt. *Cf. Heinze*, 127 Colo. at 57–60, 253 P.2d at 598–99 (permitting jury to hear of the defendant's prior convictions was reversible error, even though unpreserved, when supreme court could not "safely say that such error[ ][was] without

prejudice"; it is the supreme court's duty to reverse conviction "[i]f apparent errors are sufficient to result in an unfair trial"). The prosecutor exacerbated the risk of unfair prejudice here by telling the jury during closing arguments that it could make "reasonable inferences" based on defendant's prior child abuse conviction. *Cf. People v. Owens*, 97 P.3d 227, 237 (Colo.App.2004) (error in jury instruction exacerbated by prosecutor's comment in closing argument); *Prell v. Gormley*, 95 Colo. 579, 581, 38 P.2d 775, 776 (1934) (by commenting in closing argument on erroneously admitted evidence, plaintiff aggravated the prejudice caused by the trial court's error in admitting the evidence).

¶ 17 Also, as in *Cross*, the trial court's instruction that the jury not consider "whether the defendant was more or less likely to have committed the crimes charged because of the prior conviction" did not cure the risk of unfair prejudice. *See Cross*, 114 P.3d at 3–5 (reversible error for jury to learn of defendant's prior conviction for the same charge when prior conviction was only a sentence enhancer even though trial court admonished jury that the prior conviction was admitted "for the sole purpose of establishing that defendant had been previously convicted as an element of [the charged crime] and not for any other purpose").

¶ 18 The People, however, argue that we should not reverse defendant's conviction on this basis because defendant invited the error and also failed to preserve the issue for appellate review. We reject the People's arguments.

## A. Invited Error

■ ¶ 19 We first reject the People's argument that, by offering to stipulate to his prior conviction, defendant invited the court to inform the jury of the prior conviction.

■ ¶ 20 The doctrine of invited error generally precludes appellate review of alleged errors that were invited by a party's affirmative conduct. *See People v. Foster*,

---

1. A defendant's punishment increases under section 18–6–401(7)(e) if the prosecution establishes both sentence enhancers listed in that section: (1) a prior child abuse conviction, and (2) a

finding by the trier of fact that the defendant committed one of the acts specified in subsections (I)-(V).

2013 COA 85, ¶¶ 25, 34, — P.3d ——; *see also People v. Gross*, 2012 CO 60, ¶ 8, 287 P.3d 105. The invited error doctrine does not, however, apply to errors that resulted from a defendant's inaction rather than affirmative conduct. *See Foster*, ¶ 36. Whether the invited error doctrine applies here is an issue we consider de novo. *See id.* at ¶ 24.

¶ 21 Here, defendant did not invite the court, either by affirmative conduct or inaction, to permit the jury to learn of his prior child abuse conviction. To the contrary, in his second pretrial motion in limine, he repeatedly requested that the court exclude "any reference" to his prior child abuse conviction and "any reference to the charges stating that this is his second or subsequent offense," including "the language in the charges itself, which blatantly indicate[s] to a jury that [defendant] has a prior conviction for child abuse." He asserted that admitting such references or evidence would risk unfair prejudice to him and deny him his fundamental right to a fair trial.

¶ 22 Although the People correctly note that defendant offered to stipulate to his prior conviction, we reject the People's argument that his offer implicitly invited the court to inform the jury of the stipulation. The People's argument appears to assume that all stipulations must be presented to a jury. We know of no such rule, and the People have cited no authority for one. *Cf. State v. Mitchell*, 285 Kan. 1070, 179 P.3d 394, 399 (2008) (no error for trial court to order a party to provide a stipulation to the court that the jury would not receive). Nor is it logical to infer that defendant was inviting the court to inform the jury of the proposed stipulation. He made the offer in the very same motion in which he asked the court to exclude "any reference" to his prior child abuse conviction, including "the language in the charges itself." So, a plain reading of the motion indicates that defendant offered to stipulate to his prior conviction *to the court* and not to the jury.

¶ 23 The People also argue that, by stating "no objection" during the jury instruction conference, defendant invited the court to inform the jury of the prior conviction. Because the People first raised this

argument during oral arguments before us, we do not address it here. *See Bd. of Cty. Comm'rs v. City of Greenwood Village*, 30 P.3d 846, 849 (Colo.App.2001) (argument raised for the first time during appellate oral argument will not be considered).

¶ 24 We therefore reject the People's argument that defendant invited this error.

### B. Preservation

¶ 25 The People also argue that, for two reasons, defendant failed to preserve this issue for appellate review: (1) he failed to "clearly and articulately object[ ] to the [prior child abuse] conviction evidence," and (2) he "never raised a claim that under *Apprendi* [*v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ] and its progeny the court should make the determination of whether he had suffered the prior conviction." We reject each argument in turn.

¶ 26 First, both before and during trial, defendant repeatedly objected to any evidence being presented about his prior child abuse conviction, as well as to any references to the conviction:

- In his first pretrial motion in limine, defendant asked the court to prohibit the prosecution from presenting, eliciting, or admitting any evidence "relating to any prior arrests, convictions, or disciplinary actions of [defendant] unless introduced pursuant to § 13–90–101, C.R.S." He argued that such evidence was irrelevant, inadmissible under CRE 404(b), and unfairly prejudicial relative to its probative value, and that the prosecution's eliciting or admitting such evidence would violate his rights to due process and to a fair and impartial jury trial.

- At the hearing on defendant's first motion in limine, he "object[ed]" and stated that he was "not conceding" that evidence of his prior child abuse conviction could "com[e] in as an element of the offense."

- In his second motion in limine, as discussed above, defendant repeatedly asked that the court exclude "any reference" to his prior child abuse conviction and "any reference to the portion of charges stating that this is his second or subsequent of-

fense." He cited the risk of unfair prejudice and denial of his right to a fair trial, as grounds for the requests.

● During trial, defendant reiterated his earlier objection and asserted that "[t]he Court infringed on [his] rights to a fair trial because it had permitted the jury to know about ... a prior child abuse conviction" when he "had requested that that was completely eliminated from the jury even knowing about it."

● Defendant also objected at trial to the stipulation, as well as to the related jury instruction. He argued that "there is a risk of the jury using [the prior child abuse conviction] as propensity evidence. They will focus on the fact that he had a prior child abuse conviction, and, because of that, and solely because of that, he is guilty of the current matter. And that violates his Sixth Amendment [and] Fourteenth Amendment rights under the U.S. Constitution and the Colorado Constitution, Article 2, Sections 16 and 25."

¶ 27 These objections amply preserved defendant's contention that the trial court reversibly erred by permitting the jury to learn of his prior child abuse conviction. *See People v. Melendez*, 102 P.3d 315, 322 (Colo.2004) (issue is preserved for appellate review if the trial court was "presented with an adequate opportunity to make findings of fact and conclusions of law" on the issue).

¶ 28 Second, we reject the People's argument that defendant was required to cite *Apprendi* or its progeny to preserve the issue for review. *Apprendi* does not dispose of defendant's contention and, as discussed above, defendant's objections amply preserved the issue for appellate review.

## III. Remaining Contentions

¶ 29 Defendant raises three additional grounds for reversal, which we do not address. His remaining contentions involve facts specific to how the trial unfolded, and we cannot predict that those facts will occur again or are even likely to occur again. *See People v. Lopez*, 140 P.3d 106, 110 (Colo.App. 2005) (addressing issue "[b]ecause it will arise on remand"); *see also People v. Everett*, 250 P.3d 649, 664 (Colo.App.2010) (addressing sentencing issue because it was "likely to arise on remand"). Addressing the issues would therefore result in an advisory opinion, which risks improperly depriving the parties of their prerogative to litigate the case as they choose. *See Bd. of Cnty. Comm'rs v. Cnty. Rd. Users Ass'n*, 11 P.3d 432, 438–40 (Colo.2000) (appellate court is not empowered to render advisory opinions over cases that are not ripe or based on facts that are contingent, speculative, or hypothetical); *cf. Bd. of Dirs. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 105 P.3d 653, 656 (Colo. 2005) (Colorado Constitution authorizes the supreme court to issue advisory opinions on important questions "upon solemn occasions when required by the governor, the senate, or the house of representatives" (internal quotation marks omitted)).

¶ 30 Our decision not to address these issues, however, should not be construed as reflecting any opinion as to the merits of such issues.

## IV. Conclusion

¶ 31 The judgment of conviction is reversed, and the case is remanded to the trial court for a new trial.

JUDGE LICHTENSTEIN and JUDGE GABRIEL, concur.