536 P.2d 1116

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Arthur Leroy WIGGINS, Defendant-Appellant.**

No. 11429.

Supreme Court of Idaho.

June 13, 1975.

Jeff Stoker, Rayborn, Rayborn & Ronayne, Twin Falls, for defendant-appellant.

Wayne Kidwell, Atty. Gen., James W. Blaine, Deputy Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

This is an appeal from a conviction of the offense of driving while under the influence of intoxicants and, since the defendant had been previously convicted of the same offense, a repeated offense, a felony. The sole question presented is whether the jury should have been informed of the previous conviction for the same offense. We reverse and remand for a new trial.

Appellant Wiggins was charged with, and pleaded not guilty to, the offense of driving while under the influence of intoxicants, in violation of I.C. § 49–1102. The information charged Wiggins with being a repeated offender and set forth the fact of the previous conviction. That information in pertinent part provided:

"* * * ARTHUR LEROY WIGGINS is accused by this Information of the crime of a felony, namely, OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR, REPEATED OFFENSE * * *.

That the said defendant * * * did * * * drive * * * a motor vehicle * * *, while he, the said defendant, was then and there under the influence of intoxicating liquor and/or drugs, the said defendant having been convicted of an offense of operating a motor vehicle while under the influence of intoxicating liquor prior thereto * * * as is shown by the judgment of conviction docketed * * *."

I.C. § 49–1102(d) [now codified as I.C. § 49–1102(e)] in effect escalates a repeated offense to the status of a felony by enhancing the punishment thusly:

"Every person who is convicted of a violation of this section shall be punished by imprisonment in the county or municipal jail for not more than six (6) months or by a fine of not more than three hundred dollars ($300) or by both * * * On a second or subsequent conviction he shall be imprisoned in the state penitentiary for not more than five (5) years."

At the outset of the trial the information in its entirety was read to the jury, and at

the termination of the trial the jury was informed that appellant had been previously convicted of the same offense. The jury returned a verdict of guilty to the charge of driving while intoxicated, repeated offense, and thereon Wiggins was sentenced to two years imprisonment.

Appellant assigns error to the procedure followed by the trial court first in reading the information in its entirety to the jury when that information contained a reference to a prior offense and thereafter in specifically informing the jury of defendant's previous conviction of driving while intoxicated, all of which occurred prior to the jury's consideration of the particular charge.

Those contentions have never been answered with respect to I.C. § 49–1102. However, a clear analogy exists in this court's treatment of I.C. § 19–2514, Idaho's persistent violator statute. In State v. Johnson, 86 Idaho 51, 383 P.2d 326 (1963), the court held that its rule-making powers permitted it to prescribe procedures to be followed in the trial of cases involving persistent violator charges. The prescribed procedure requires that the information be prepared in two parts, one setting forth the particular offense, and the second, the prior offense and the recidivist charge. Only the first part is read to the jury upon trial of the particular offense and no mention is made of the prior offense (or, of course, the recidivist charge) during that phase of the trial, except that which would occur in the absence of a persistent violator charge such as in connection with impeachment of the defendant. Upon the withdrawal of the jury to consider a verdict, only the first part of the information is delivered to the jury. If a guilty verdict is returned on the first portion of the information, the second part is then read, and the jury proceeds to inquire into that phase of the case.

The *Johnson* procedure should be utilized in cases involving the repeated offender provision of I.C. § 49–1102. The possibility of prejudice against defendant resulting from evidence or knowledge of prior crimes outweighs any policy argument regarding the complication of trial proceedings. As was said in State ex rel. Edelstein v. Huneke, 249 P. 784 (Wash. 1926):

> "It seems too plain for argument that to place before a jury the charge in an indictment, and to offer evidence on trial as a part of the state's case that the defendant has previously been convicted of one or more offenses is to run a great risk of creating a prejudice in the minds of the jury that no instruction of the court can wholly erase * * *"

*See also* People v. Bosca, 25 Mich.App. 455, 181 N.W.2d 678 (1970); Heinze v. People, 127 Colo. 54, 253 P.2d 596 (1953); State v. Stewart, 110 Utah 203, 171 P.2d 383 (1946).

While the state has not confessed error, it has said "the state is in wholehearted agreement with the principle of fairness laid down by the court." The state suggests that the area is one which should be clarified in order to guide the lower courts and prosecutors. We agree. Undoubtedly that attitude of the state has prompted it to waive any argument on the failure of defense counsel at trial to object to any of the procedures. Since the state has neither argued nor relied upon the action of defense counsel in failing to raise objections to the procedure, we need not consider whether such might amount to ineffective assistance of counsel, *see* State v. Badger, 96 Idaho 168, 525 P.2d 363 (1974), or fundamental error, *see* State v. Haggard, 94 Idaho 249, 486 P.2d 260 (1971).

The judgment of conviction is reversed and the case remanded for retrial in accordance with the procedure set forth in *Johnson*.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.