899 P.2d 441

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Fred Dean ROY, Defendant–Appellant.**

Nos. 21095, 21469.

Supreme Court of Idaho,
North Idaho, April 1995 Term.

June 30, 1995.

Jones, Brower & Callery, Lewiston, for appellant. Thomas W. Callery, argued.

Alan Lance, Idaho Atty. Gen.; Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent. Michael A. Henderson argued.

TROUT, Justice.

Fred Dean Roy appeals his conviction for operating a motor vehicle while under the influence of alcohol (DUI), a felony offense in this case due to the existence of two prior misdemeanor DUI convictions within five years.

## I.

## BACKGROUND AND PROCEDURAL HISTORY

On December 1, 1992, Lewiston police officers pulled over a pickup truck operated by Roy. The officers suspected that Roy was under the influence of alcohol and requested that he undergo certain field sobriety tests. After Roy had performed the tests he was arrested and transported to the Lewiston Police Department where he refused to take a blood alcohol content test. He was charged with felony DUI based upon the existence of two prior misdemeanor DUI convictions. *See* I.C. § 18–8005 (three convictions of DUI within five years constitute a felony).

■ In *State v. Johnson*, 86 Idaho 51, 383 P.2d 326 (1963), this Court announced a procedure to be followed where a criminal defendant is charged under the persistent violator statute (I.C. § 19–2514). In such a case the information must be prepared in two parts, the first setting forth the substantive offense charged, and the second alleging prior con-

victions. The trial must also be bifurcated. During the first phase, the jury should be read only the first part of the information. The trial should then proceed as if there were no allegations of prior convictions. Only if the jury returns a guilty verdict on the substantive charge should the second part of the information be read and the jury allowed to consider the recidivist charge. *Id.* at 60, 383 P.2d at 331 (quoting *State v. Ferrone*, 96 Conn. 160, 113 A. 452, 457 (1921)). This procedure was extended to repeat offender DUI cases in *State v. Wiggins*, 96 Idaho 766, 536 P.2d 1116 (1975).

The district court followed the *Johnson/Wiggins* procedure in this case and held a bifurcated jury trial. Following the substantive phase of the trial, the jury returned a verdict finding Roy guilty of DUI. After the second phase of the proceeding was concluded, the jury found that Roy had two prior DUI convictions within five years of the present charge. Accordingly, the district court entered a judgment convicting Roy of felony DUI.[1]

## II.

## ANALYSIS

■ On appeal, Roy contends that the district court violated the *Johnson/Wiggins* procedure. During the first phase of the trial, the jury was not directly informed of Roy's prior DUI convictions. However, the first part of the two-part information presented by the prosecution did state that Roy was charged with a felony. This part was, pursuant to I.C. § 19–2101, read to the jury at the beginning of the trial. The district court also gave Jury Instruction No. 19 which incorporated the first part of the information. This

1. The original judgment of conviction did not credit Roy with eleven days of prejudgment incarceration he served, in violation of I.C. § 18–309. Roy filed a motion to correct an illegal sentence pursuant to I.C.R. 35 requesting that the district court correct the judgment to give him credit for the time served. The district court granted the motion and entered an amended judgment of conviction. Roy subsequently filed a motion for reduction of sentence pursuant to I.C.R. 35. The trial court summarily denied this motion on the ground that a defendant may file only one Rule 35 motion for reduction of sen-

tence. Roy appealed the order denying his second Rule 35 motion to this Court and that appeal was consolidated with his separate appeal from the judgment of conviction. Roy's contention on the second appeal was that the district court erred in not considering the motion for reduction of sentence on the merits. The State and the district court agreed. Pursuant to I.A.R. 13(c)(11), the district court has since considered and denied Roy's motion for reduction of sentence on the merits, rendering the issue raised in Roy's second appeal (Docket No. 21469) moot.

instruction likewise referred to the charge by using the words "felony" and "feloniously." Roy did not object to either the information or Instruction 19 at trial. However, a failure to object to a jury instruction at trial does not constitute a waiver of any objection on appeal. *State v. Smith,* 117 Idaho 225, 229, 786 P.2d 1127, 1131 (1990). Apparently for this reason, Roy focuses exclusively on the giving of Instruction 19.

■ Roy argues that an astute juror might recognize that because a DUI defendant is charged with a felony rather than a misdemeanor, that defendant must have at least two prior DUI convictions. *See* I.C. § 18–8005. This, according to Roy, could defeat the purpose of bifurcation. We acknowledge that there is at least a possibility a jury could ascertain that there are prior DUI convictions simply by virtue of describing the current offense as a felony; and thus create exactly the problem the *Johnson/Wiggins* bifurcated procedure was designed to alleviate. Therefore, we hold that in a DUI case where the charge is enhanced to a felony due to the existence of prior convictions, the jury should not be informed during the first phase of the trial that the defendant is charged with a felony. Thus, the district court erred in using the terms "felony" and "feloniously" in Jury Instruction No. 19. The question is whether this error requires a reversal.[2]

■ I.C.R. 52 provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." In determining whether an error has affected substantial rights or is harmless, we ask whether it appears, beyond a reasonable doubt, that there was no reasonable possibility that the error contributed to the conviction. *State v. Sharp,* 101 Idaho 498, 507, 616 P.2d 1034, 1043 (1980) (citing *Chap-*

*man v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

■ As evidence of the prejudice resulting from Instruction 19, Roy points to a note sent by the jury to the judge during deliberations in the first phase of the trial. The jury requested information on the punishment or the "law on DUIs" as it relates to the first offense, second offense, and third or more offenses. Roy contends that this clearly establishes that the jury was under the impression that he was a repeat offender. While that is certainly one interpretation, it seems unlikely that the jury would inquire about the law relating to a first offense if they were confident that this was not a first offense. Further, in response to the inquiry, the trial court instructed the jury that it had already been given the applicable law. It also admonished the jury, in Instruction No. 15, not to speculate as to the punishment to be delivered upon conviction. If the jury disregarded these instructions, that would constitute juror misconduct. Such misconduct has not been shown by Roy and will not be presumed on appeal. *See State v. Fairchild,* 121 Idaho 960, 969, 829 P.2d 550, 559 (Ct.App.1992).

Finally, the State presented overwhelming evidence that Roy committed the offense charged. The arresting officer testified that he could smell alcohol from within Roy's vehicle and on Roy's breath. Roy admitted that he had been drinking. His eyes were watery and bloodshot and his face was flushed. His speech was slurred and he stuttered. He exhibited a poor attention span and was also talkative. When the officer asked Roy to get out of his vehicle, he saw open containers of alcohol in the vehicle. Roy was unsteady and failed all of the field sobriety tests administered. In light of this evidence and Roy's failure to demonstrate

---

2. We wish to address one point by way of clarification. Due process requires that an accused be informed of the "exact charge against him." *State v. Petty,* 73 Idaho 136, 138, 248 P.2d 218, 219 (1952) (citing Idaho Const. art. 1, § 13); I.C. § 19–1411. In felony cases, this is accomplished by way of an indictment or information. Idaho Const. art. 1, § 8. The indictment (or information) must be read to the jury at the beginning of trial. I.C. § 19–2101. Even though we have adopted a special procedure in this type of case, these constitutional and statutory requirements must be accommodated. Due process is satisfied in a case such as this by stating the exact nature of the enhancement in the second part of the two-part information. I.C. § 19–2101 is satisfied by reading this part of the information to the jury prior to the commencement of the second portion of the proceeding.

that the claimed error had any impact on the jury's verdict, we conclude, beyond a reasonable doubt, that there is no reasonable possibility that the error contributed to the conviction. Thus, the judgment of conviction is affirmed.

McDEVITT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.