921 P.2d 750

STATE of Idaho, Plaintiff–Respondent,

v.

James PILIK, Defendant–Appellant.

No. 21903.

Court of Appeals of Idaho.

June 27, 1996.

Featherston Law Firm, Sandpoint, for appellant. Daniel P. Featherston argued.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General (argued), Boise, for respondent.

PERRY, Judge.

Following a jury trial, James Pilik was found guilty of felony driving under the influence of alcohol (DUI). I.C. §§ 18–8004, 18–8005(5). He appeals the district court's order denying his motion to suppress evidence and the district court's admission of evidence concerning his prior DUI convictions. We vacate the judgment of conviction and remand for a new trial.

## I.

## FACTS AND PROCEDURE

On July 17, 1994, James Pilik and his girlfriend, Elizabeth Andres, were parked on the side of the road when approached by officer Ford of the Idaho State Police. The couple informed the officer that they had pulled over to retrieve papers which Andres had thrown out of the window while they were traveling. During his questioning of the couple, officer Ford noticed that Pilik's breath smelled of alcohol, his eyes were bloodshot and his speech was slurred. Pilik admitted that he was the driver of the vehicle, but then recanted that admission. Andres stated several times during this period that it was Pilik who drove the vehicle to the position where it was then resting.

Officer Ford took Pilik's driver's license and directed Pilik to perform certain field sobriety tests. After administration of the sobriety tests, a second officer took Pilik to the Bonner County Sheriff's Office. Pilik took an intoximeter test which revealed a blood alcohol content of .13.

Pilik filed a motion to suppress, claiming that the stop was improper and all evidence resulting therefrom should be suppressed. Pilik further argued that the statements elicited by officer Ford should be suppressed because they were made without the benefit

of *Miranda* warnings. The district court denied the motion.

The case was tried before a jury. Andres was called as a witness for the state but, contrary to what she had told officer Ford, Andres testified that she drove the car to the point at which officer Ford approached it. On further examination by the prosecutor, Andres acknowledged that she then knew more about Pilik's prior DUI convictions than she did at the time of his arrest. Later, the district court allowed certified copies of the judgments of conviction for Pilik's prior DUIs to be admitted into evidence. The district court allowed this evidence, over objection, on the basis that it was admissible under I.R.E. 404(b) to show Andres's motive to recant her statement to officer Ford that Pilik was the driver.

Pilik now appeals the district court's order denying the motion to suppress and its admission of his prior DUI convictions.

## II.

## ANALYSIS

### A. Denial of Pilik's Motion to Suppress

■ Pilik's first issue on appeal is the district court's denial of his motion to suppress. Pilik moved to suppress statements made to officer Ford during field sobriety testing. Specifically he sought suppression of his statements regarding who was driving the car and how much Pilik and Andres had to drink, as well as his verbal responses to certain field sobriety tests. On appeal, Pilik claims that once an individual's driver's license is in the possession of the police, that person is in custody and under the Fifth Amendment is therefore entitled to *Miranda*[1] warnings prior to any interrogation. *See Pennsylvania v. Muniz*, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990); *State v. Osborne*, 121 Idaho 520, 826 P.2d 481 (Ct.App.1991).

■ Despite Pilik's urging to the contrary, *Osborne* does not discuss the Fifth Amendment concept of custody. *Osborne* holds that

a seizure, for Fourth Amendment purposes, occurs when a police officer takes a driver's license and thereby prevents the individual from driving away. *Osborne*, 121 Idaho at 524, 826 P.2d at 485. Although the concepts of seizure and custody may be similar, they are not, as Pilik asserts, interchangeable. The United States Supreme Court discussed the contrast between a Fourth Amendment seizure and custody under the Fifth Amendment in *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). The Court acknowledged the principle that stopping an automobile and detaining its occupants constitutes a seizure within the meaning of the Fourth Amendment, even though the purpose of the stop is limited and the resulting detention is quite brief. *Berkemer*, 468 U.S. at 436–37, 104 S.Ct. at 3148–49. *See also Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The Court went on to hold that a traffic stop was more analogous to a *Terry*[2] stop than to an arrest and was therefore not subject to the requirements of *Miranda*. *Berkemer*, 468 U.S. at 439, 104 S.Ct. at 3149–50. Pilik's claim that he was in custody because officer Ford was administering field sobriety tests and was in possession of Pilik's driver's license is not supported by *Osborne*.

Further, in *State v. Hartwig*, 112 Idaho 370, 732 P.2d 339 (Ct.App.1987), this Court stated that Hartwig's verbal communications made during sobriety testing were not rendered inadmissible in the absence of a *Miranda* warning. This Court has also stated:

Here, [the defendant] was neither in custody nor significantly deprived of his freedom when, as in *Berkemer* and *Hartwig*, he was asked by the officer about having consumed alcohol and to give other verbal responses to the officer's field sobriety tests, such as counting by numbers and repeating the alphabet.

*State v. Jones*, 115 Idaho 1029, 1033, 772 P.2d 236, 240 (Ct.App.1989). Hence, Pilik was not entitled to suppression of the statements he made during the field sobriety tests because he was not in custody.

---

**1.** *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**2.** *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

## B. Admission of Prior Convictions

Pilik claims that the district court erred in admitting evidence that he had been convicted of DUI twice within five years of the instant offense. Pilik asserts that the bifurcated approach to trials set forth in *State v. Johnson*, 86 Idaho 51, 383 P.2d 326 (1963) and *State v. Wiggins*, 96 Idaho 766, 536 P.2d 1116 (1975), should have been followed in his case. That approach consists of a two-part trial. During the first part the jury is to determine guilt for the current offense and during the second part the jury is to determine if the defendant is guilty of being a repeat offender. This approach was developed to prevent the potential prejudice of informing the jury that the defendant has been convicted on prior occasions of the same crime as currently charged. However, in certain situations, information regarding the prior criminal record of the defendant is admissible. Pilik acknowledges such situations arise under I.R.E. 609 and 404. Idaho Rule of Evidence 404(b) is asserted by the state as the proper basis for admission of Pilik's prior record.

 In determining the admissibility of evidence of prior bad acts under I.R.E. 404(b), this Court applies a two-prong analysis. First, the evidence must be relevant to a material and disputed issue concerning the crime charged. *State v. Moore*, 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991). Whether evidence is relevant is an issue of law. *State v. Raudebaugh*, 124 Idaho 758, 864 P.2d 596 (1993). Therefore, when considering a district court's admission of evidence of prior misconduct, we exercise free review of the trial judge's relevancy determination. The second step in the analysis is the determination that the probative value of the evidence is outweighed by unfair prejudice. When reviewing this step we use an abuse of discretion standard. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct.App. 1993), *cert. denied*, 511 U.S. 1076, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994).

 Evidence regarding Pilik's prior convictions for DUI came in two forms: (1) Andres's testimony; and (2) the judgments of conviction. The state argues that the evidence was relevant to the credibility of a critical witness, which is an acceptable purpose. Idaho Rule of Evidence 404(b) has been interpreted to allow evidence regarding credibility. *State v. Lewis*, 123 Idaho 336, 848 P.2d 394 (1993).

Andres's testimony at trial that she, not Pilik, had been driving the vehicle contradicted what she had told officer Ford and came as a surprise to the prosecutor. The prosecutor was then allowed to question Andres regarding her knowledge of Pilik's record of prior DUI convictions. According to Andres's testimony, at the time that Pilik was arrested she was aware of only one of his prior convictions for DUI. She testified that she learned prior to trial that the instant offense was Pilik's third DUI in five years and was therefore more serious than she initially realized. Andres's knowledge of Pilik's prior DUI record provides an explanation for her recanting her claim that Pilik was the driver and is relevant to her credibility at trial. Hence, her testimony regarding her knowledge of, or belief in, the existence of prior DUI convictions may be admissible as evidence impeaching her credibility.

 However, the judgments of conviction, themselves, were not admissible pursuant to the same rationale. The documents which were deemed by the district court to be self-authenticating judgments of conviction were admitted into evidence after the state's last witness testified. They were not admitted while Andres was on the stand or used to impeach her testimony. No limiting instruction was given directing the jury to consider the judgments of conviction only for impeachment or credibility purposes. The judgments, as admitted exhibits, were provided to the jury for review during deliberations. The same documents were again submitted to the jury during the second portion of the trial to prove that Pilik was a repeat offender and therefore guilty of a felony rather than a misdemeanor.

Prior to the admission of the judgments of conviction, Andres had already testified that she believed at the time of trial that Pilik had two prior convictions and that she had not been aware of the same when she informed the police at the scene that Pilik drove the car. From these statements alone, the state could have drawn an inference that Andres

had changed her story to protect Pilik. The introduction of Pilik's judgments of conviction was therefore unnecessary. In fact, the existence of the prior convictions was not relevant to the first portion of the trial. Rather, it was Andres's belief that the prior convictions existed that was relevant to her credibility and evidence of that belief had already been admitted. The judgments of conviction admitted later during the state's case in chief served no purpose other than to prove Pilik's prior bad acts and, as such, were inadmissible.

In a DUI trial where the charge has been enhanced to a felony because the defendant is a repeat offender, special measures have been outlined to prevent the jury from becoming biased due to the prior convictions. *See State v. Roy,* 127 Idaho 228, 231, 899 P.2d 441, 444 (1995).

> It seems too plain for argument that to place before a jury the charge in an indictment, and to offer evidence on trial as a part of the state's case that the defendant has previously been convicted of one or more offenses is to run a great risk of creating a prejudice in the minds of the jury....

*State v. Wiggins,* 96 Idaho 766, 768, 536 P.2d 1116, 1118 (1975), *quoting State ex rel. Edelstein v. Huneke,* 140 Wash. 385, 249 P. 784 (1926). In this case, admission of Pilik's prior DUI judgments of conviction during the state's case in chief was error. Pilik is therefore entitled to a new trial where the proper bifurcated trial procedure is followed.

### III.

### CONCLUSION

There was no error in the denial of Pilik's motion to suppress. However, admission of Pilik's prior DUI judgments of conviction during the first part of the bifurcated trial was error. Pilik's judgment of conviction is, therefore, vacated and the case is remanded for a new trial.

WALTERS, C.J., and LANSING, J., concur.