**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35705**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | 2010 Opinion No. 5 |
| Plaintiff-Appellant, | ) | |
| | ) | Filed: January 26, 2010 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| JIM HOWARD, III, | ) | |
| | ) | |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Appeal by State from DUI felony charging enhancement acquittal, <u>dismissed</u> as barred by double jeopardy and moot.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for appellant. Jessica M. Lorello argued.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for respondent. Sarah E. Tompkins argued.

---

SCHWARTZMAN, Judge Pro Tem

After a jury found Jim Howard, III, guilty of misdemeanor driving under the influence, in subsequent proceedings the district court found Howard not guilty of the charging enhancement because of the failure of proof on an element necessary to elevate the offense to a felony. The State appeals, contending that the district court erred in its legal ruling leading to that finding. We hold that the State's appeal must be dismissed, for even if the district court's ruling was erroneous, double jeopardy bars a retrial of the felony portion of the charge and, therefore, the State's appeal is moot.

**I.**

**FACTS AND PROCEDURE**

Howard was charged with DUI, elevated from a misdemeanor to a felony based upon the State's allegation that Howard had twice previously been convicted of DUI within the preceding

1

ten years. *See* I.C. §§ 18-8004(1)(a), -8005(5).[1]  The trial was bifurcated and a jury was first asked to determine whether Howard was guilty of the DUI charge.[2]  The jury returned a verdict of guilty.  The parties then stipulated that the element of whether Howard had been twice previously convicted of DUI would be tried before the district court.

In the subsequent trial proceeding, the State submitted documentation of two prior DUI convictions, one from Idaho and one from California.  Howard objected to the admission of this documentation on the ground of lack of authentication under Idaho Rule of Evidence 902.  The district court sustained the objection but, over Howard's objection, granted the State's motion for a continuance in order for it to attempt to properly authenticate its documentation.  At the ensuing hearing, the State submitted its documentation in reorganized and newly certified form.  Howard then raised a new objection, contending that in submitting its documentation on the California conviction the State was also required to comply with the provisions of I.C. § 9-312[3]

---

[1]  Howard's instant DUI was committed on March 17, 2008.  For clarity, by 2009 amendment to I.C. § 18-8005 this charging enhancement was renumbered from subsection (5) to subsection (6).  For further clarity, Idaho courts have sometimes described an element that elevates a charge from a misdemeanor offense to a felony offense as a "charging enhancement" or in similar language.  *See generally State v. Weber*, 140 Idaho 89, 95, 90 P.3d 314, 320 (2004); *State v. Schmoll*, 144 Idaho 800, 172 P.3d 555 (Ct. App. 2007).  This should not be confused with a "sentencing enhancement," i.e., one that authorizes or requires increased penalties for a misdemeanor or a felony in certain circumstances but does not, in the case of a misdemeanor, elevate the crime to a felony.  *See generally State v. Anderson*, 145 Idaho 99, 175 P.3d 788 (2008); *State v. Gerardo*, 147 Idaho 22, 29-30, 205 P.3d 671, 678-79 (Ct. App. 2009).  Idaho's primary DUI statutes, Idaho Code §§ 18-8004, -8004A, -8004C and -8005, contain both types of enhancements.  *See generally State v. Leslie*, 146 Idaho 390, 195 P.3d 749 (Ct. App. 2008).

[2]  The Idaho Supreme Court has directed that this procedure be followed to avoid the prejudicial effect of the jury being told that a defendant has previously been convicted of DUI when deciding guilt on the current offense.  *See State v. Roy*, 127 Idaho 228, 899 P.2d 441 (1995); *State v. Wiggins*, 96 Idaho 766, 536 P.2d 1116 (1975).

[3]  Idaho Code § 9-312, entitled "Authentication of judicial record," provides that:
> A judicial record of this state, or of the United States, may be proved by the production of the original, or by a copy thereof, certified by the clerk or other person having the legal custody thereof. That of another state or territory may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form.

and 28 U.S.C. § 1738,[4] a federal full faith and credit statute, and that because it had not done so the California conviction could not be considered in determining guilt. At the hearing, the district court admitted the documentation under the Idaho Rules of Evidence, but left open the question of whether, in light of Howard's objection, he would give effect to the California conviction.

After receiving further briefing on the issue, the district court issued a written order in which he agreed with Howard's position. Relying primarily on the holding in *State v. Prince*, 64 Idaho 343, 132 P.2d 146 (1942), the order provided, in essence, that the district court would not give "full faith and credit" to the California conviction because of the State's non-compliance with the statutes, i.e., no judge certificate, and that because the State did not meet its burden to prove the element of two prior DUI convictions, Howard was "not guilty" of the element necessary to elevate the charge to a felony. Accordingly, the district court entered a judgment of conviction and sentenced Howard for misdemeanor DUI.

The State appeals, arguing that the district court erred because the Idaho statute conflicts with the Idaho Rules of Evidence on authentication and I.R.E. 1102,[5] and therefore is of no force or effect and because the federal statute has no application to this case. In response, Howard contends, among other things, that even if the district court erred in its legal ruling, the constitutional prohibitions against double jeopardy bar the State from retrying him on the felony portion of the charge and, therefore, the State's appeal is moot because an appellate ruling in its favor will afford it no substantive relief.

---

[4]    28 U.S.C. § 1738 provides, in relevant part:
> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk, and the seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

[5]    This rule provides:
> Statutory provisions and rules governing the admissibility of evidence, to the extent they are evidentiary and to the extent that they are in conflict with applicable rules of Idaho Rules of Evidence, are of no force or effect.

3

## II.

## ANALYSIS

### A.      Double Jeopardy

"[T]he Double Jeopardy Clause of the Fifth Amendment prohibits reexamination of a court-decreed acquittal to the same extent it prohibits reexamination of an acquittal by jury verdict." *Smith v. Massachusetts*, 543 U.S. 462, 467 (2005). A trial court's order constitutes an acquittal if it "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Id.* at 468 (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977)). In this context, what matters is that the judge evaluated the evidence and determined that it was legally insufficient to sustain a conviction. *Id.* at 469. Conversely, a trial court's order terminating a prosecution is not an acquittal if it is entered "on a basis unrelated to factual guilt or innocence," or, stated otherwise, is not based on the defendant's "lack of criminal culpability." *United States v. Scott*, 437 U.S. 82, 98-99 (1978) (holding that the trial court's mid-trial grant of the defendant's motion to dismiss because of prejudice caused by pre-indictment delay is not an acquittal).

The United States Supreme Court has made clear that if an acquittal has occurred, double jeopardy bars a retrial even if the acquittal was entered because of an error of law by the trial court. In *Arizona v. Rumsey*, 467 U.S. 203, 211 (1984), the United States Supreme Court held:

> In making its findings, the trial court relied on a misconstruction of the statute defining the pecuniary gain aggravating circumstance. Reliance on an error of law, however, does not change the double jeopardy effects of a judgment that amounts to an acquittal on the merits. "[T]he fact that 'the acquittal may result from erroneous evidentiary rulings or erroneous interpretations of governing legal principles' . . . affects the accuracy of that determination, but it does not alter its essential character." *United States v. Scott*, 437 U.S. 82, 98, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978) (quoting *id.*, at 106, 98 S.Ct., at 2201 (BRENNAN, J., dissenting)). Thus, this Court's cases hold that an acquittal on the merits bars retrial even if based on legal error.

*See also Smalis v. Pennsylvania*, 476 U.S. 140, 144 n.7 (1986) (double jeopardy bars a retrial even if the trial court's acquittal was based upon a mistake in determining the degree of recklessness necessary to sustain a conviction); *Sanabria v. United States*, 437 U.S. 54, 64 (1978) ("When a defendant has been acquitted at trial he may not be retried on the same offense, even if the legal rulings underlying the acquittal were erroneous."). *See also United States v.*

*Blanton*, 476 F.3d 767 (9th Cir. 2007); *United States v. Ogles*, 440 F.3d 1095 (9th Cir. 2006). *Compare State v. Korsen*, 138 Idaho 706, 716-18, 69 P.3d 126, 136-38 (2003).

Here, the district court's order framed the issue as whether the State failed to establish the foundation necessary to admit the California DUI conviction because of non-compliance with either the Idaho or the federal statute. The court concluded that the burden was on the State to show compliance not only with the Idaho Rules of Evidence concerning authentication, but also with the provisions of the two statutes based upon "full faith and credit" concerns. Because the State failed to do so, the district court expressly found Howard "not guilty" of felony DUI based upon, in essence, the failure of evidence on the element of two prior convictions. Although the district court's mode of analysis in this case is less than crystal clear,[6] we conclude that its ruling, assuming it to be erroneous, may be best described or characterized as a resolution of the enhancement element because of insufficient evidence. *See Sanabria*, 437 U.S. at 68-69. We therefore hold, in accord with the above United States Supreme Court precedent, that the district court's order constituted an acquittal for purposes of double jeopardy.

**B.    The District Court Did Not Formally Enter a Verdict or General Finding of Guilt Followed by an Acquittal**

The State further contends that double jeopardy is not implicated because no further trial proceedings would be necessary should we reverse the trial court. We begin with an overview of the relevant law.

As previously noted, double jeopardy bars reexamination of a court-decreed acquittal to the same extent as an acquittal by jury verdict. *Smith*, 543 U.S. at 467. In *United States v. Wilson*, 420 U.S. 332 (1975), the United States Supreme Court considered an appeal after a jury returned a guilty verdict but, subsequent to the conviction, the trial court dismissed the indictment on the theory that pre-indictment delay had made a fair trial impossible. The government appealed, but the Second Circuit Court of Appeals dismissed the appeal on double jeopardy grounds. The Supreme Court reversed, holding that there was no double jeopardy bar because were the trial court's ruling found erroneous, the jury's guilty verdict could simply be reinstated and, because there was no need for a further trial or other proceeding to resolve factual

---

[6]    The dissent characterizes the trial court's ruling as a "hybrid" between a purely evidentiary ruling and the addition of an erroneous element of proof. While we do not disagree with this "hybrid" formulation, the essential character of this ruling remains unchanged for double jeopardy purposes.

issues, no prospect of a second "jeopardy" prohibited by the Fifth Amendment existed. *Id.* at 352-53.

In *United States v. Jenkins*, 420 U.S. 358 (1975), *overruled on other grounds by United States v. Scott*, 437 U.S. 82 (1978), decided the same day as *Wilson*, after a bench trial the district court dismissed the indictment and discharged the defendant. At issue was the application of *Wilson* to a bench trial. The Supreme Court stated:

> When a case has been tried to a jury, the Double Jeopardy Clause does not prohibit an appeal by the Government providing that a retrial would not be required in the event the Government is successful in its appeal. *United States v. Wilson*, 420 U.S., at 344-345, 352-353, 95 S.Ct., at 1022-1023, 1026-1027. When this principle is applied to the situation where the jury returns a verdict of guilt but the trial court thereafter enters a judgment of acquittal, an appeal is permitted. In that situation a conclusion by an appellate court that the judgment of acquittal was improper does not require a criminal defendant to submit to a second trial; the error can be corrected on remand by the entry of a judgment on the verdict. . . .
>
> Since the Double Jeopardy Clause of the Fifth Amendment nowhere distinguishes between bench and jury trials, the principles given expression through that Clause apply to cases tried to a judge. . . .
>
> A general finding of guilt by a judge may be analogized to a verdict of 'guilty' returned by a jury. *Mulloney v. United States*, 79 F.2d 566, 584 (CA1 1935), *cert. denied*, 296 U.S. 658, 56 S.Ct. 383, 80 L.Ed. 468 (1936). In a case tried to a jury, the distinction between the jury's verdict of guilty and the court's ruling on questions of law is easily perceived. In a bench trial, both functions are combined in the judge, and a general finding of 'not guilty' may rest either on the determination of facts in favor of a defendant or on the resolution of a legal question favorably to him. *If the court prepares special findings of fact*, either because the Government or the defendant requested them or because the judge has elected to make them sua sponte, *it may be possible upon sifting those findings to determine that the court's finding of 'not guilty' is attributable to an erroneous conception of the law whereas the court has resolved against the defendant all of the factual issues necessary to support a finding of guilt under the correct legal standard.* The Government argues that this is essentially what happened in this case.
>
> We are less certain than the Government, however, of the basis upon which the District Court ruled. It is, to be sure, not clear that the District Court resolved issues of fact in favor of respondent. But neither is it clear to us that the District Court, in its findings of fact and conclusions of law, expressly or even impliedly found against respondent on all the issues necessary to establish guilt under even the Government's formulation of the applicable law. *The court's opinion certainly contains no general finding of guilt*, and although the specific findings resolved against respondent many of the component elements of the offense, there is no finding on the statutory element of 'knowledge.'. . .
>
> . . . .

6

Here there was a judgment discharging the defendant, although we cannot say with assurance whether it was, or was not, a resolution of the factual issues against the Government. *But it is enough for purposes of the Double Jeopardy Clause . . . that further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand.* Even if the District Court were to receive no additional evidence, it would still be necessary for it to make supplemental findings. The trial, which could have resulted in a judgment of conviction, has long since terminated in respondent's favor. To subject him to any further such proceedings at this stage would violate the Double Jeopardy Clause . . . .

*Jenkins*, 420 U.S. at 365-70 (footnotes omitted) (emphasis added).[7]

The State urges that if this Court determines that the district court erred in its conclusions of law on the "full faith and credit" statutory issue, double jeopardy is not implicated because the district court's order first found Howard "guilty" before ultimately acquitting him. Specifically, the district court stated, at the outset of its statutory analysis, that: "If admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of [the charging enhancement]." We disagree with the State's position.

In *Lee v. United States*, 432 U.S. 23 (1977), the Supreme Court held that the district court's statements, made to justify denial of Lee's motion for judgment of acquittal, that he had been "proven [sic] beyond any reasonable doubt in the world" and that there was "no question about his guilt; none whatsoever" could not, in the context in which they were made, "be viewed fairly as a general finding of guilt analogous to a jury verdict." *Id.* at 28 n.4, 29 n.7.[8] Two weeks later, in *Finch v. United States*, 433 U.S. 676 (1977), the Supreme Court went even further in limiting the application of *Jenkins* and building upon its holding in *Lee*. In that case, the Court

7       At the time Jenkins was decided, Federal Rule of Criminal Procedure 23(c) stated: "In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein." The rule currently states: "In a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion." Idaho has no court rule addressing the required or suggested content of a bench trial verdict in a criminal case. *See* I.C.R. 23 and 31.

8       *See also United States v. Hunt*, 212 F.3d 539, 549-50 (10th Cir. 2000) (in light of *Lee*, the trial court's statement that if the government's position were correct it "would conclude that the government has sustained its burden of proof" was not general finding of guilt.)

of Appeals, in essence, "sifted"[9] through the stipulated facts, as *Jenkins* indicated might be possible, held that double jeopardy was therefore not implicated because no further factual resolutions would be necessary on remand, reversed the district court's legal conclusions, and directed that the district court enter a judgment of conviction. *Id*. at 676-77. The Supreme Court reversed, holding that double jeopardy barred the appeal and that *Jenkins* did not dictate otherwise because at the time when the district court dismissed the information no "formal finding of guilt" had been entered, that absent a plea of guilty "a verdict or general finding of guilt is a necessary predicate to conviction." *Id*. at 677.

By the same token, the district court's statement in its opinion quoted above is more akin to *obiter dictum* and simply is not a general finding of guilt analogous to a jury verdict. The trial has long since terminated in Howard's favor. To subject him to any further proceedings at this stage would violate fundamental concepts of double jeopardy.

## C.    This Appeal Is Moot and No Exception Applies

An appeal is moot and will be dismissed if, among other things, "a favorable judicial decision would not result in any relief or the party lacks a legally cognizable interest in the outcome." *State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005) (quoting *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004)). There are three exceptions:

> (1) when there is the possibility of collateral legal consequences imposed on the person raising the issue; (2) when the challenged conduct is likely to evade judicial review and thus is capable of repetition; and (3) when an otherwise moot issue raises concerns of substantial public interest.

*Koch v. Canyon County*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008) (quoting *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 851-52, 119 P.3d 624, 626-27 (2005)).

Here, the State argues that even if double jeopardy bars a retrial on the felony element, this appeal is not moot because the controversy presented is "what the law is" and because "it still has an interest in a legal ruling on the merits." We find this argument unconvincing. Distilled to its essence, the State's argument would amount to a negation of the requirement of a "live" controversy before an issue will be addressed on the merits on appeal. *See Rogers*, 140

---

[9]    *See also United States v. Lynch*, 162 F.3d 732, 736 (2d Cir. 1998) (rejecting the dissent's contention that *Jenkins* authorized the appellate court to sift the factual findings of the district court as to the required elements of guilt and so direct entry of a judgment of conviction, holding that "[p]erhaps it can be done, but no court has done it" and "[s]o far as we can tell, the dissent's statement is the only opinion expressing a willingness to do so.")

Idaho at 227, 91 P.3d at 1131. Were it accepted, the State would be allowed to appeal from perceived court error in any criminal case, even those cases culminating in a conviction, and obtain advisory rulings from our appellate courts on issues raised in the trial courts. Such a result will not lie. We hold that this appeal is moot, as any ruling in the State's favor on the issues it raised will not afford it relief.

## III.

## CONCLUSION

In summary, we conclude that the district court resolved the issue of the charging enhancement in favor of defendant Howard, and that double jeopardy bars retrial or reconsideration of this felony element. It is immaterial whether the district court's ruling on this issue was incorrect.

The State's appeal is, therefore, dismissed.

Judge GUTIERREZ **CONCURS**.

Judge GRATTON, **DISSENTING**

A. **Full Faith and Credit**

I begin with the question of whether the district court erred in its application of I.C. § 9-312 and 28 U.S.C. § 1738. It did. The district court relied on *State v. Prince*, 64 Idaho 343, 132 P.2d 146 (1942), and *State v. Martinez*, 102 Idaho 875, 643 P.2d 555 (Ct. App. 1982), for the proposition that compliance with I.C. § 9-312 and 28 U.S.C. § 1738 was "mandatory." However, whatever vitality these cases had relative to the application of these statutes in regard to evidentiary admissibility was replaced by the Idaho Rules of Evidence, enacted in 1985. Statutory provisions, to the extent they are evidentiary, and in conflict with or made unnecessary by the rules of evidence have no effect in the determination of the admission of evidence. I.R.E. 1102; *State v. Martinez*, 125 Idaho 445, 450, 872 P.2d 708, 713 (1994); *State v. Zimmerman*, 121 Idaho 971, 974, 829 P.2d 861, 864 (1992); *State v. Griffith*, 97 Idaho 52, 539 P.2d 604 (1975). Howard's argument that the statutes do not conflict with the rules of evidence is belied by the fact that the district court here determined the evidence admissible, and indeed admitted, under the rules of evidence, but not comporting with the statutory requirements. The rules of evidence do not require satisfaction of all of the dictates set forth in these statutes. Moreover, 28 U.S.C. § 1738 is not a rule of evidence governing state statutory issues. It merely requires a state to give full faith and credit to judgments properly authenticated under its provisions. If a state's

evidentiary rules allow for admission of such judgments under less stringent requirements, nothing in the text or purpose of 28 U.S.C. § 1738 prevents it. *See State v. Smith*, 699 N.W.2d 508, 517-18 (Wisc. 2005) (collecting cases); *see also United States v. Weiland*, 420 F.3d 1062, 1075 (9th Cir. 2005); *United States v. Mathies*, 350 F.2d 963, 966, n.4 (3d Cir. 1965); *Farley v. Farley*, 731 S.W.2d 733, 735 (Tex. App. 1987).

## B.    Double Jeopardy

Turning to the double jeopardy question, the majority characterizes the district court's decision as an evidentiary ruling. The majority states that the "district court's order framed the issue as whether the State failed to establish the foundation necessary to admit" the foreign judgment. Thus characterized, the majority points to the general rule which holds that even an acquittal based on an erroneous evidentiary ruling bars review or remand. Therefore, the State can gain no relief in this matter and the appeal is dismissed.

Respectfully, I am not convinced this characterization is correct. First, I am uncertain how we can characterize the decision of the district court as an evidentiary ruling regarding the failure to "establish the foundation necessary to admit." This is so, because as the majority acknowledges, the California judgment was, in fact, admitted by the district court. Indeed, the district court states: "*If admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of Part II, due to the admission of Exhibit 7B and Exhibit 8.*" (Emphasis added.) Thus, the district court appears to have been satisfied that the proffered evidence was sufficient relative to the questions of "foundation" and admissibility, i.e., the "evidentiary" issues.

The district court went on in its opinion to address I.C. § 9-312 and 28 U.S.C. § 1738 as "full faith and credit" issues. The district court then determined that, because the California judgment did not have a certificate signed by a judge, as opposed to the clerk, it did not comport with the statutory requirements necessary for full faith and credit. Thereupon, the district court found that it simply could not consider this evidence which it had already admitted. Thus, I am reluctant to characterize the district court's decision as an evidentiary ruling based upon foundational issues. It certainly is not an evidentiary ruling in the sense of admission of evidence, but more in the sense of disregarding admitted evidence. The majority's characterization of the district court's decision as a garden variety evidentiary ruling leads it to the rather easy application of the general rule that an acquittal, based upon an erroneous

evidentiary ruling, cannot be reviewed as moot. However, as is set forth below, the issue is a little more difficult than that.

The State contends that the district court did not actually enter an acquittal. To be sure, the district court held that "under the Full Faith and Credit analysis, Howard is NOT GUILTY" and so ordered. However, the State argues that this determination is not an acquittal for double jeopardy purposes. "A defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" *United States v. Scott*, 437 U.S. 82, 97 (1978), *quoting United States v. Martin Linen Supply Co*., 430 U.S. 564, 571 (1977) (brackets in original). Our Supreme Court, in *State v. Korsen*, 138 Idaho 706, 716-717, 69 P.3d 126, 136-137 (2003), held:

> The Fifth Amendment to the United States Constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." Similarly, Article 1, § 13 of the Idaho Constitution provides that "[n]o person shall be twice put in jeopardy for the same offense." Jeopardy attaches in a jury trial when the jury is impaneled and sworn. *State v. Santana*, 135 Idaho 58, 64, 14 P.3d 378, 384 (Ct. App. 2000). The attachment of jeopardy will not always bar retrial, however. "[A] defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Wade v. Hunter,* 336 U.S. 684, 689 (1949).
>
> If the trial court enters a judgment of acquittal based on a determination that the evidence is factually insufficient to support a charge, the prohibition against double jeopardy bars a retrial on that charge. *Smalis v. Pennsylvania,* 476 U.S. 140, 144-46 (1986); *United States v. Scott*, 437 U.S. 82, 97 (1978); *State v. Lewis*, 96 Idaho 743, 750, 536 P.2d 738, 745 (1975). Thus, only if the trial court, in terminating the proceedings, actually resolved in favor of the defendant a factual element necessary for a criminal conviction, can a dismissal appropriately be deemed an acquittal. *United States v. Maker*, 751 F.2d 614, 622 (3rd Cir. 1984) (outlining cases holding that there is an "acquittal" only if the trial court's disposition actually represented a resolution of an essential factual element of the offense charged). The magistrate's characterization of its action, for example, as an I.C.R. 29 acquittal, is not dispositive on the issue of whether the dismissal was an acquittal. *Scott*, 437 U.S. at 97 (label used by the trial court in dismissing charges is not dispositive); *United States v. Kennings*, 861 F.2d 381, 384 n.5 (3rd Cir. 1988) (trial court's reference to Rule 29 is not dispositive on the issue of whether the dismissal was an acquittal).
>
> Thus, to decide whether double jeopardy bars a retrial in this case, it must be determined if the magistrate court resolved in Korsen's favor an "essential element of the offense charged." *Maker*, 751 F.2d at 622-23, *quoting Carter v. Estelle,* 677 F.2d 427, 452-53 (5th Cir. 1982).

11

In *Korsen*, the Court held that the magistrate required proof of an element that the law did not require, thereby effectively creating an additional element. The magistrate dismissed the case because the State failed to prove the erroneously added element. The Court determined that the magistrate "as the result of a legal error, determined that the government could not prove a fact that is not necessary to support a conviction." *Id*. at 717, 69 P.3d at 137 (quoting *United States v. Maker*, 751 F.2d 614, 625 (3rd Cir. 1984)). Because the magistrate did not resolve an essential element of the offense in Korsen's favor, the Court held that the dismissal was not an acquittal for double jeopardy purposes. *Id*. at 717, 69 P.3d at 137.

Here, the majority states that the basis of the district court's decision is "*in essence*, the failure of evidence on the element of two prior convictions." (Emphasis added.) Further, the majority states that the district court's ultimate determination is "best described or characterized as a resolution of the enhancement element because of insufficient evidence." The majority concludes that an essential element of the offense charged was found in Howard's favor and double jeopardy attaches. However, the district court specifically found that, based upon the admitted evidence, "Howard would be guilty." So, the State did not fail to prove that which it was legally required to do and the admitted evidence was legally sufficient to find Howard guilty. Thus, the district court here, similar to the magistrate in *Korsen*, could be said to have erroneously added another requirement or layer of proof upon the State, not that the evidence was legally insufficient to convict.[1] While the district court's full faith and credit analysis of the admitted evidence in this case has more hallmarks of an evidentiary ruling than the additional factual proof required in *Korsen*, it may nonetheless be viewed as adding an element of proof-- that the admitted evidence is entitled to full faith and credit--as opposed to a foundational element for admission of the evidence. While, in strict comparison to *Korsen*, this case may be more of a hybrid between a pure evidentiary ruling and the addition of an element of proof, the fact is, the district court required the State to prove not only the prior conviction, which it did,

---

[1] The majority refuses to address *Korsen*, relegating our Supreme Court's opinion to a "compare" after selective citation to United States Supreme Court and Ninth Circuit opinions, which, in my view, do not address the additional element issue taken up in *Korsen* as set forth above.

12

but also that the prior conviction was entitled to full faith and credit under state and federal laws, which was more than it was legally required to do.

At bottom, the fact is the district court clearly determined that "Howard would be guilty" absent the erroneous full faith and credit ruling. The majority states that a trial court's termination of a prosecution is not an acquittal if it is entered "on a basis unrelated to factual guilt or innocence," or is not based on the defendant's "lack of criminal culpability." *Scott*, 437 U.S. at 98-99. In *Sattazahn v. Pennsylvania*, 537 U.S. 101, 113-114 (2003), the Supreme Court re-affirmed that the definition of acquittal is as set forth in *Martin Linen*, not the additional language quoted above from *Scott*. However, the additional language from *Scott* provides guidance as to whether a decision of a district court fits within the *Martin Linen* definition requiring "a resolution [in defendant's favor], correct or not, of some or all of the factual elements of the offense charged." To that end, I conclude that the district court's order finding Howard not guilty as to Part II of the Information due to its analysis and application of the full faith and credit issue was made on a basis unrelated to his factual guilt or innocence and was not based upon his lack of criminal culpability. The district court found no essential element of the offense in Howard's favor. As such, double jeopardy does not preclude this appeal or reversal for entry of judgment of guilty as to Part II of the Information.

C.    **Reviewability**

The State alternatively argues that this situation is the same as, or at least parallel to, the instance where a jury renders a determination of guilt and thereafter the judge, based upon an erroneous application of law, enters a judgment of acquittal. In that circumstance, the United States Supreme Court has said: "When a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." *Smith v. Massachusetts*, 543 U.S. 462, 467 (2005). The State argues that the district court here made a determination of guilt based upon the properly admitted evidence and elements of proof required when it said that, based upon the Idaho Rules of Evidence and the admitted California judgment, "Howard would be guilty." The State asserts that, thereafter, the district judge negated the determination of guilt by the application of an erroneous legal determination, which should no more implicate double jeopardy and preclude our review and directive to the district court to enter a judgment of guilt than the situation described in *Smith*.

13

In regard to this situation, one court has stated:

> We do not reach the question whether an appellate court reversing an acquittal from a bench trial would have the power to order a trial court to enter a judgment of conviction based solely upon the trial court's prior findings of fact as to the required elements of guilt. Perhaps it can be done, but no court has done it. So far as we can tell, the dissent's statement is the only opinion expressing a willingness to do so.

*United States v. Lynch*, 162 F.3d 732, 736 (2nd Cir. 1998). However, a leading commentator has said:

> In a bench trial, the process is even easier, as the judge can make findings of facts and indicate that he would hold the defendant guilty except for his adoption of a certain legal interpretation that produces an acquittal. That ruling can then readily be viewed by the appellate court and if it disagrees as to the legal interpretation, remanded for entry of the judgment of guilt, which can be done without further fact finding.

6 Wayne R. LaFave, et al., *Criminal Procedure* § 25.3(e), p.639 (3rd ed. 2007).

In *United States v. Jenkins*, 420 U.S. 358 (1975), *overruled on other grounds by United States v. Scott*, 437 U.S. 82 (1978), the United States Supreme Court, after first noting that a jury finding of guilt followed by a court-ordered acquittal is reviewable, stated:

> A general finding of guilt by a judge may be analogized to a verdict of 'guilty' returned by a jury. In a case tried to a jury, the distinction between the jury's verdict of guilty and the court's ruling on questions of law is easily perceived. In a bench trial, both functions are combined in the judge, and a general finding of 'not guilty' may rest either on the determination of facts in favor of a defendant or on the resolution of a legal question favorably to him. If the court prepares special findings of fact, either because the Government or the defendant requested them or because the judge has elected to make them sua sponte, it may be possible upon sifting those findings to determine that the court's finding of 'not guilty' is attributable to an erroneous conception of the law whereas the court has resolved against the defendant all of the factual issues necessary to support a finding of guilt under the correct legal standard.

*Jenkins*, 420 U.S. at 366-67 (internal citations and footnotes omitted). The majority in this case, after acknowledging the above from *Jenkins*, cites to cases which generally denounce the idea of "sifting" through the lower court's findings and conclusions. I too agree that the appellate courts should not be placed in the position of "sifting" in order to dissect what the lower court did or did not find. But, based on the record, sifting is unnecessary in this case.

It is not clear whether the majority believes it is ever possible for effective appellate review and/or remand in circumstances similar to those described in *Jenkins*. But, I take from

the majority's quote from *Finch v. United States*, 433 U.S. 676 (1977), and the heading of section B., that the majority might accept review only if the district court were to "formally enter a verdict or general finding of guilt followed by an acquittal." If a district court's formal entry of guilt followed by an order of acquittal is the only circumstance in which review might be appropriate, so be it. However, I do not think that *Jenkins* or reason necessarily require such a strict limitation. The *Jenkins* Court engaged in an analysis of the specific situation in that case and determined that it was unclear whether the district court's findings and conclusions "expressly *or even impliedly* found against respondent on all the issues necessary to establish guilt." *Jenkins*, 420 U.S. at 367 (emphasis added). The *Jenkins* Court does not seem to have been contemplating the formality as does the majority here and, certainly, it would not have been necessary to discuss "sifting" in the face of a strict requirement of a formal order of guilt followed by formal order of acquittal.

If review and remand can be had in a situation short of formal entry of a verdict of guilty followed by an acquittal, this is it.[2] I believe that the situation here is very much akin to a jury factual determination of guilt and a court-ordered acquittal based upon a subsequent incorrect legal ruling. The district court expressly indicated that based upon the admitted evidence Howard was "guilty," but entered an order of not guilty upon the application of an incorrect legal determination "under the Full Faith and Credit analysis." Again, the district court determined: "*If admissibility under the Idaho Rules of Evidence were the end of the inquiry, Howard would be guilty of Part II, due to the admission of Exhibit 7B and Exhibit 8.*" I disagree with the majority's characterization of this determination by the district court as *obiter dictum*.

We could, based on the record, simply reverse and send this case back for entry of a judgment of guilty without the necessity of additional factual determinations. I agree with the majority that double jeopardy is certainly implicated if additional factual determinations would be necessary. "[S]ubjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." *Smalis v. Pennsylvania*, 476 U.S. 140, 145 (1986). However, in this case, additional fact finding is unnecessary.

---

[2]     Perhaps our Supreme Court will address this situation by decision or rule; however, it is apparent that this Court in this case is not inclined to do so.

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley,* 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). None of these three protections is violated by an order of this Court reversing the district court's full faith and credit decision and directing entry of a judgment of guilty as to Part II of the Information.[3] I would so hold and remand accordingly.

---

[3] The attachment of jeopardy will not always bar review or retrial as "[A] defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Wade v. Hunter*, 336 U.S. 684, 689 (1949); *see Korsen*, 138 Idaho at 716, 69 P.3d at 136. The prospect of simply entering a judgment of guilty does not implicate any of the "perils against which the Double Jeopardy Clause seeks to protect." *Sattazahn*, 537 U.S. at 124 (Ginsburg, J., dissenting). The State is not pursuing Howard in an attempt to "enhanc[e] the possibility that even though innocent he may be found guilty." *Green v. United States*, 355 U.S. 184, 188 (1957). Howard was already found guilty.